Thomas J. Lloyd III, ISB #7772
Miller Nash LLP
950 W Bannock St, Ste 1100
Boise, ID 83702
Telephone: (208) 609-3798
Fax: (503) 224-0155
Email: thomas.lloyd@millernash.com
**Attorneys for Meridian Hotel Holdings, LLC**
**and Harco National Insurance Company**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| PETRA, INC., an Idaho corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MERIDIAN HOTEL HOLDINGS, LLC, a Washington limited liability company; HARCO NATIONAL INSURANCE COMPANY, Surety,<br><br>Defendants. | Case No. 1:25-cv-00068-BLW<br><br>**MERIDIAN HOTEL HOLDINGS, LLC'S ANSWER TO COMPLAINT, AND COUNTERCLAIM**<br><br>**JURY TRIAL DEMANDED** |
| MERIDIAN HOTEL HOLDINGS, LLC, a Washington limited liability company,<br><br>Counterclaimant,<br><br>vs.<br><br>PETRA, INC., an Idaho corporation,<br><br>Counterdefendant. | |

COMES NOW Defendant Meridian Hotel Holdings, LLC (hereafter "Meridian"), by and through its undersigned counsel, Miller Nash, LLP, and hereby Answers the Complaint filed by

Plaintiff Petra, Inc. ("Plaintiff"), asserts its Counterclaim against Counterdefendant Petra, and Demands a Trial by Jury on all triable issues raised hereby, as follows:

## <u>ANSWER TO COMPLAINT</u>

### GENERAL DENIAL

Meridian specifically denies each and every allegation of Plaintiff's Complaint except as expressly admitted below, including any and all allegations directed to parties other than Meridian, as Meridian is unable to respond to such allegations for lack of sufficient information or belief as to the veracity of such allegations.

### PARTIES, JURISDICTION, AND VENUE

1. In response to Paragraph 1 of Plaintiff's Complaint, Meridian admits the allegations contained therein based upon its present information and belief.

2. In response to Paragraph 2 of Plaintiff's Complaint, Meridian admits the allegations contained therein.

3. In response to Paragraph 3 of Plaintiff's Complaint, Meridian admits the allegations contained therein.

4. In response to Paragraph 4 of Plaintiff's Complaint, Meridian is without sufficient information or belief to verify the veracity of the allegations contained therein, and on that basis denies the same.

5. In response to Paragraph 5 of Plaintiff's Complaint, Meridian is without sufficient information or belief to verify the veracity of the allegations contained therein, and on that basis denies the same.

6. In response to Paragraph 6 of Plaintiff's Complaint, Meridian admits the allegations contained therein.

7. In response to Paragraph 7 of Plaintiff's Complaint, Meridian admits the allegations contained therein.

8. In response to Paragraph 8 of Plaintiff's Complaint, Meridian admits the allegations contained therein.

9. In response to Paragraph 9 of Plaintiff's Complaint, Meridian admits the allegations contained therein.

## GENERAL ALLEGATIONS

10. In response to Paragraph 10 of Plaintiff's Complaint, Meridian admits that it entered into a AIA A101-2017 Standard Form Agreement with Plaintiff in or about March, 2021 (the "Prime Contract"), and that pursuant to that Prime Contract, Petra agreed to act as general contractor for a hotel construction project to be located in Meridian, Idaho. Regarding any and all other allegations in Paragraph 10 of Plaintiff's Complaint, express or implied, Meridian states that the Prime Contract speaks for itself and on that basis specifically denies any and all allegations that are inconsistent with the Prime Contract (including but not limited to Plaintiff's reference to the undefined term, "Project").

11. In response to Paragraph 11 of Plaintiff's Complaint, Meridian admits the allegations contained therein.

12. In response to Paragraph 12 of Plaintiff's Complaint, Meridian admits the allegations contained therein.

13. In response to Paragraph 13 of Plaintiff's Complaint, Meridian denies the allegations contained therein.

14. In response to Paragraph 14 of Plaintiff's Complaint, Meridian denies the allegations contained therein.

**COUNT I- Breach of Contract**
**(Meridian Only)**

15. In response to Paragraph 15 of Plaintiff's Complaint, Meridian restates and reincorporates all preceding responses to the prior Paragraphs of the Complaint as if fully set forth *in hac verba*.

16. In response to Paragraph 16 of Plaintiff's Complaint, Meridian admits the allegations contained therein.

17. In response to Paragraph 17 of Plaintiff's Complaint, Meridian admits the allegations contained therein.

18. In response to Paragraph 18 of Plaintiff's Complaint, Meridian denies the allegations contained therein.

19. In response to Paragraph 19 of Plaintiff's Complaint, Meridian denies the allegations contained therein.

20. In response to Paragraph 20 of Plaintiff's Complaint, Meridian denies the allegations contained therein.

**COUNT II – Action on Lien Release Bond**
**(Harco Only)**

21. In response to Paragraph 21 of Plaintiff's Complaint, Meridian restates and reincorporates all preceding responses to the prior Paragraphs of the Complaint as if fully set forth *in hac verba*.

22. In response to Paragraph 22 of Plaintiff's Complaint, Meridian admits only that Plaintiff recorded the identified mechanic's lien against Meridian's real property, on or about January 13, 2023 ("January Lien"). Meridian states that the January Lien speaks for itself, and specifically denies any and all allegations contained within Paragraph 22, express or implied,

that are inconsistent with that January Lien. Meridian specifically denies that the January Lien reflects amounts actually due and owing to Plaintiff.

23. In response to Paragraph 23 of Plaintiff's Complaint, Meridian admits only that Plaintiff recorded the identified and amended mechanic's lien against Meridian's real property, on or about February 14, 2023 ("Amended Lien"). Meridian states that the Amended Lien speaks for itself, and specifically denies any and all allegations contained within Paragraph 23, express or implied, that are inconsistent with that Amended Lien. Meridian specifically denies that the Amended Lien reflects amounts actually due and owing to Plaintiff.

24. In response to Paragraph 24 of Plaintiff's Complaint, Meridian denies the allegations contained therein.

25. In response to Paragraph 25 of Plaintiff's Complaint, Meridian admits the allegations contained therein.

26. In response to Paragraph 26 of Plaintiff's Complaint, Meridian asserts that the allegations of that Paragraph contain only legal conclusions, applicable to another defendant, to which no response is required from Meridian, and on that basis denies the same.

27. In response to Paragraph 27 of Plaintiff's Complaint, Meridian admits the allegations contained therein.

28. In response to Paragraph 28 of Plaintiff's Complaint, Meridian denies the allegations contained therein.

29. In response to Paragraph 29 of Plaintiff's Complaint, Meridian denies the allegations contained therein.

30. In response to Paragraph 30 of Plaintiff's Complaint, Meridian denies the allegations contained therein.

## PRAYER FOR RELIEF

In response to Plaintiff's Prayer for Relief, Meridian denies that Plaintiff is entitled to any of the relief sought by its Complaint, and on that basis requests entry of judgment in its favor on all matters and causes of action asserted against it in Plaintiff's Complaint.

## ATTORNEYS' FEES AND COSTS

Pursuant to Fed. R. Civ. P. 54(d) and (e), Idaho Code §§ 12-120(3) and 12-121, and the express terms of the parties contract(s), Meridian is entitled to recover all costs and attorney fees incurred in defense of this action.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Meridian hereby demands a trial by jury in this matter on all issues so triable.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Prior Breach of Contract)

Plaintiff's Complaint, and the relief pled thereby, is barred by Plaintiff's prior material breach of the parties' valid and enforceable contract(s).

### THIRD AFFIRMATIVE DEFENSE
### (Offset)

In the event that Plaintiff is entitled to recover anything on its Complaint, Meridian is entitled to an offset of the costs and other damages that they incurred as a result of Plaintiff's breaches and defaults of the parties' contract(s), as well as any other losses and damages suffered by Meridian.

**FOURTH AFFIRMATIVE DEFENSE**
**(Default)**

Plaintiff's causes of action are barred by Plaintiff's default under the express terms of the parties' contract.

**FIFTH AFFIRMATIVE DEFENSE**
**(Negligence)**

Plaintiff's losses and damages, if any, were caused by Plaintiff's own negligence.

**SIXTH AFFIRMATIVE DEFENSE**
**(Failure of Condition Precedent)**

Plaintiff's claim for breach of contract is unsustainable, as Plaintiff's right to payment, if any such right existed, was conditioned upon Plaintiff's successful completion of its own contractual obligations in a good and workmanlike manner, which precedent condition was not fulfilled.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Waiver)**

Plaintiff's claims are barred by the doctrine of waiver, as Plaintiff failed to initiate any action to recover on its claims until after the expiration of Meridian's surety bond.

**EIGHTH AFFIRMATIVE DEFENSE**
**(Laches)**

Plaintiff's claims are barred by the doctrine of laches, as Plaintiff waited until after the expiration of Meridian's surety bond to initiate this lawsuit.

**RESERVATION OF RIGHTS**

Consistent with Federal Rules of Civil Procedure 12 and 15, Meridian reserve the right to amend this Answer and to assert other defenses as this action proceeds.

*   *   *

**COUNTERCLAIM**

COMES NOW Counterclaimant Meridian Hotel Holdings, LLC ("Meridian"), and by and for its Counterclaim against Counterdefendant Petra, Inc. ("Petra"), hereby alleges and complains as follows:

## PARTIES, JURISDICTION AND VENUE

1. Meridian is a Washington limited liability company with its principal place of business located at 2265 116th Avenue NE, Suite 110C, Bellevue, Washington 98004.

2. Upon information and belief, Petra is an Idaho corporation, with a principal place of business located at 2760 W. Excursion Lane, Meridian, Idaho 83642.

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) as this action involves a controversy between citizens of different states and the amount in controversy is in excess of the jurisdictional minimum of $75,000 exclusive of interest and costs.

4. This Court has supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367(a), as the claims set forth in this Counterclaim are related to the claims asserted in Petra's Complaint in this action.

5. Venue is proper in this district under 28 U.S.C. § 1391(b)(2), as a substantial amount of the events giving rise to this Counterclaim occurred in the state of Idaho, and the property that was the subject of the improvements contemplated by the parties' contract(s) is also located in the state of Idaho.

## GENERAL ALLEGATIONS

6. On or about March 11, 2021, Meridian and Petra entered into a written agreement for construction services, memorialized in an AIA A101-2017 Standard Form of Agreement Between Owner and Contractor, together with the incorporated AIA A201-2017 General Conditions of the Contract for Construction (collectively, the "Contract").

7. Pursuant to the terms of the Contract, Petra, as Contractor, agreed to furnish all labor, materials, equipment, and services necessary to complete the construction of a new hotel located at 1262 S. Rackham Way, Meridian, Idaho 83642 (the "Hotel"), which construction was to be in accordance with an adherence to the Contract and all incorporated or referenced documents.

8. Under Section 1.1.1 of the A201-2017 General Conditions, Petra expressly confirmed that its work would be performed in "a highly skillful, competent, and workmanlike manner in conformance with the best modern construction practices free from faults and defects not interest in the quality required or permitted."

9. Under Section 3.1.2 of the A201-2017 General Conditions, Petra expressly warranted that its work would be performed "in strict accordance with the Contract Documents."

10. Under Section 3.3.2 of the A201-2017 General Conditions, Petra expressly assumed responsibility and liability for "acts and omissions of [Petra] or [Petra's] employees, Subcontractors and their agents and employees, and other persons or entities performing portions of the Work for, or on behalf of, [Petra] or any of its Subcontractors."

11. Under Section 3.5.1 of the A201-2017 General Conditions, Petra expressly warranted that its work would be "performed in a skillful and workmanlike manner, . . . [and] free from defects, except for those inherent in the quality of the Work the Contract Documents require or permit" and that materials and equipment furnished under the Contract would be "of good quality and new unless otherwise required or permitted by the Contract Documents."

12. Section 3.12 of the A201-2017 General Conditions further obligated Petra to complete the work under the Contract in strict accordance with the Contract Documents.

Additionally, Section 12.2.2.1 of the A201-2017 General Conditions provides that if within one year after the date of Substantial Completion, any of the Work is found to be not in accordance with the requirements of the Contract Documents, the Contractor shall correct it promptly after receipt of written notice from the Owner.

13. As the general contractor, Petra assumed the obligation under Section 3.4.1 of the A201-2017 General Conditions to “provide and pay for labor, materials, equipment, tools . . . and other facilities and services necessary for proper execution and completion of the Work . . .”

14. Under Section 3.5.4 of the A201-2017 General Conditions, Petra expressly warranted its work “for the period for which claims for breach of contract or breach of warranty may be brough under applicable law, beginning from the date of Final Acceptance,” including “all subcontractor and supplier” work.

15. Under Section 9.5.1 of the A201-2017 General Conditions, Petra was permitted to decline or withhold payment to Petra to the extent necessary to protect Meridian from loss as a result of, *inter alia*, defective work not remedied and damages suffered by Meridian as a consequence of deficiencies in Petra’s work.

16. Meridian fully performed all of its obligations under the Contract or was excused from doing so, including payment for work performed to date.

17. Following completion of Petra’s work under the Contract, Meridian became aware of certain water intrusion issues in the Hotel, and thereupon commissioned an investigation into the workmanship of the construction of the Hotel.

18. The defects and deficiencies in the construction of the Hotel revealed by the investigation commissioned by Meridian include, but are not limited to:

a. Improperly-installed, missing, and/or faulty flashing, siding, cladding, trim, eaves, soffits, and fascias;

b. Improperly-installed and improperly-sloped packaged terminal air conditioner (PTAC) sleeves, and improperly-sealed flashing and PTAC sleeves;

c. Improper framing and missing flashing around multiple windows and window frames;

d. Missing flashing around multiple doors; and

e. Improper air exchange within building due to missing sealants, flashings, and sleeves, causing unwanted moisture penetration.

19. Based upon the results of its investigation, Meridian provided Petra with a Notice of Claim on or about December 30, 2022, with which it provided a copy of its investigation results.

20. Following receipt of Meridian's Notice of Claim, Petra initiated litigation against one of its subcontractors on the project, BEI Construction, LLC.

21. Meridian has now experienced additional leaking and moisture intrusion events, revealing, *inter alia* (and in addition to the defects identified above), improper sealing around windows, gapped and missing flashing, cracks in masonry, and construction of window frames not in accordance with design specifications.

**COUNT I – BREACH OF CONTRACT**

22. Meridian hereby incorporates and restates all of the foregoing paragraphs as if fully set forth *in hac verba*.

23. Defendant materially breached its contractual obligations by performing the work under the Contract in a manner that failed to conform to the requirements of the Contract

documents, and by furnishing labor and materials that were defective, deficient, and not in accordance with the quality and standards required under the Contract, as set forth above and as provided in the results of Meridian's investigations.

24. Defendant has failed and/or refused to correct the defective work in a timely manner, despite Plaintiff's written notice and demand for correction, in violation of its post-completion warranty obligations under Section 12.2.2.1 of the A201-2017 General Conditions.

25. As a direct and proximate result of Defendant's breaches, Plaintiff has suffered damages, including but not limited to the cost of remediating damages caused by water intrusion, correcting and replacing defective work, loss of use and income from the Hotel, and diminution in value of the property, in an amount to be proven at trial.

26. In addition to the foregoing losses and damages, and as a further consequence of Petra's breaches of its Contract, Meridian has been forced to engage the services of Miller Nash LLP, in order to prosecute this Counterclaim, and as a result is entitled to recover the full amount of its actual and reasonable attorney fees and costs, as allowable by the parties' Contract, Idaho Code §§ 12-120(3) and 12-121, Rule 54 of the Federal Rules of Civil Procedure, and any other applicable law or rule.

**COUNT II – BREACH OF WARRANTIES**

27. Meridian hereby incorporates and restates all of the foregoing paragraphs as if fully set forth *in hac verba*.

28. Pursuant to Section 3.5.1 of the AIA A201-2017 General Conditions, which is incorporated into the parties' Contract, Petra expressly warranted that: (a) the materials and equipment furnished under the Contract would be of good quality and new unless otherwise required by the Contract Documents; and (b) the work would be free from defects not inherent in

the quality required or permitted and would conform to the requirements of the Contract Documents.

29. Additionally, Section 12.2.2.1 of the A201-2017 provides that if, within one year after Substantial Completion of the work, any portion of the work is found to be not in accordance with the requirements of the Contract Documents, the Contractor shall promptly correct such nonconforming Work after receiving notice from the Owner.

30. Petra breached these express warranties by furnishing defective workmanship and non-conforming materials, and by performing work that failed to comply with the quality, performance, and design requirements of the Contract Documents.

31. Further, as a general contractor registered and doing business in the State of Idaho, Petra owed Meridian an implied warranty that its work will be performed in a reasonably workmanlike manner, consistent with prevailing standards in the commercial construction industry.

32. Petra breached this implied warranty by delivering work that was not performed in a skillful or workmanlike manner, and which failed to function as intended for commercial use, as set forth hereinabove.

33. As a direct and proximate result of Petra's breach of both the express warranties contained in the Contract and the implied warranty recognized under Idaho law for commercial construction, Meridian has suffered damages, including but not limited to: the cost of remediating damages caused by water intrusion, the cost of identifying, correcting, and remediating the defective work, engineering and consulting expenses; business interruption, and other consequential losses, all in an amount to be determined at trial.

34. In addition to the foregoing losses and damages, and as a further consequence of Petra's breaches of its warranties, Meridian has been forced to engage the services of Miller Nash LLP, in order to prosecute this Counterclaim, and as a result is entitled to recover the full amount of its actual and reasonable attorney fees and costs, as allowable by the parties' Contract, Idaho Code §§ 12-120(3) and 12-121, Rule 54 of the Federal Rules of Civil Procedure, and any other applicable law or rule.

## RESERVATION OF RIGHTS

Meridian has made the foregoing allegations based upon information presently known to it. However, as discovery in this matter has not yet begun, Meridian reserves the right to amend this Counterclaim if the evidence obtained through discovery in this action reveals new or additional causes of action available to it.

## ATTORNEYS' FEES AND COSTS

Pursuant to Fed. R. Civ. P. 54(d) and (e), Idaho Code §§ 12-120(3) and 12-121, and the express terms of the parties contract(s), Meridian is entitled to recover all costs and attorney fees incurred in pursuit of this Counterclaim and in defense of Petra's Complaint.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Meridian hereby demands a trial by jury on all issues so triable with regard to its Counterclaim.

## PRAYER FOR RELIEF

WHEREFORE, Meridian prays for entry of judgment in its favor and against Counterdefendant Petra, as follows:

A. That Judgment be entered in its favor and against Counterdefendant Petra on this Counterclaim;

B. That Meridian be awarded its actual and reasonable damages incurred as a result of the conduct of Counterdefendant Petra;

C. That Meridian be awarded its actual and reasonable attorney fees incurred in pursuit of this Counterclaim and in defense of Petra's Complaint, pursuant to the express terms of the parties' contract(s), Idaho and Federal Rules of Civil Procedure 54, Idaho Code Section 12-120(3), and any other applicable rule or law; and

D. That Meridian be awarded such other relief as the Court deems just and equitable.

DATED this 19th day of May, 2025.

MILLER NASH LLP

Thomas J. Lloyd III, ISB #7772
Thomas.lloyd@millernash.com

**Attorney for Defendants**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 19th day of May, 2025, I caused a true and correct copy of the foregoing document to be electronically filed through the CM/ECF system, which sent a Notice of Electronic Filing to the following persons:

John Peter Storti – ISB No. 9446
BERG HILL GREENLEAF RUSCITTI LLP
1712 Pearl Street
Boulder, CO 80302
Telephone: (303) 590-1210
Email: jps@bhgrlaw.com
*Attorney for Plaintiff*

Thomas J. Lloyd III