John Peter Storti – ISB No. 9446
**BERG HILL GREENLEAF RUSCITTI LLP**
1712 Pearl Street
Boulder, CO 80302
Telephone: (303) 590-1210
Email: jps@bhgrlaw.com

Attorney for Plaintiff.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| **PETRA, INC.,** an Idaho corporation,<br><br>Plaintiff,<br>vs.<br><br>**Meridian Hotel Holdings, LLC** a Washington limited liability company; **Harco National Insurance Company**, Surety<br><br>Defendants.<br><br><br>**PETRA, INC.,** an Idaho corporation,<br><br>Third-Party Plaintiff,<br>vs.<br><br>**BEI Construction, LLC**, an Indiana limited liability company; **BEI Framing, LLC**, a Michigan limited liability company; **Service Experts Heating & Air Condition, LLC**, a Delaware limited liability company; **View Point, Inc**.; **Brickline Masonry Company, LLC**, an Idaho limited liability company; **Matson Enterprises, LLC**, an Idaho limited liability company<br><br>Third-Party Defendants | **Case No. 1:25-cv-00068-BLW**<br><br>**Answer to Meridian Hotel Holdings, LLC's Counterclaim and Third Pary Complaint**<br><br><br>Fee: $405.00 |

**COMES NOW** Plaintiff, Petra, Inc. ("**Petra**"), by and through its attorneys, Berg Hill Greenleaf Ruscitti LLP, and hereby submits this Answer to Meridian Hotel Holdings, LLC's ("**Meridian**") Counterclaim and Third-Party Complaint as follows:

## ANSWER TO COUNTERCLAIM

### PARTIES, JURISDICTION, AND VENUE

1. Upon information and belief, admitted.

2. Admitted.

3. Paragraph 3 contains a legal conclusion to which no response is required. To the extent a response by Petra is required, Admitted.

4. Paragraph 4 contains a legal conclusion to which no response is required. To the extent a response by Petra is required, it does not challenge Meridian's claim concerning supplemental jurisdiction.

5. Paragraph 4 contains a legal conclusion to which no response is required. To the extent a response by Petra is required, admitted.

### GENERAL ALLEGATIONS

6. Admitted.

7. The terms of the Contract speak for themselves. To the extent the allegations in Paragraph 7 of Meridian's Counterclaim do not conform with the plain language of the Contract, denied.

8. The terms of the Contract speak for themselves. To the extent the allegations in Paragraph 8 of Meridian's Counterclaim do not conform with the plain language of the Contract, denied.

9. The terms of the Contract speak for themselves. To the extent the allegations in Paragraph 9 of Meridian's Counterclaim do not conform with the plain language of the Contract, denied.

10. The terms of the Contract speak for themselves. To the extent the allegations in Paragraph 10 of Meridian's Counterclaim do not conform with the plain language of the Contract, denied.

11. The terms of the Contract speak for themselves. To the extent the allegations in Paragraph 11 of Meridian's Counterclaim do not conform with the plain language of the Contract, denied.

12. The terms of the Contract speak for themselves. To the extent the allegations in Paragraph 12 of Meridian's Counterclaim do not conform with the plain language of the Contract, denied.

13. The terms of the Contract speak for themselves. To the extent the allegations in Paragraph 13 of Meridian's Counterclaim do not conform with the plain language of the Contract, denied.

14. The terms of the Contract speak for themselves. To the extent the allegations in Paragraph 14 of Meridian's Counterclaim do not conform with the plain language of the Contract, denied.

15. The terms of the Contract speak for themselves. To the extent the allegations in Paragraph 15 of Meridian's Counterclaim do not conform with the plain language of the Contract, denied.

16. Denied.

17. Petra is without sufficient information or knowledge, despite making reasonable inquiry to obtain sufficient information or knowledge, to admit or deny the allegations in Paragraph 17 of Meridian's Counterclaim; thus, Petra denies the allegations contained in the same.

18. Upon information and belief, Petra admits that Meridian identified the alleged defects and deficiencies identified in Paragraph 18, and its subparts, of Meridian's Counterclaim following an investigation of the Hotel. However, Petra denies causing or contributing to the cause of the alleged defects and deficiencies.

19. Admitted.

20. Admitted.

21. Petra admits that Meridian identified to it the alleged issues stated in Paragraph 21 of Meridian's Counterclaim. However, Petra denies causing or contributing to the cause of the alleged events. Petra further denies that any said events equates to a defect or deficiencies caused by Petra.

**COUNT I – BREACH OF CONTRACT**

22. Petra repeats and incorporates all preceding paragraphs as if fully set forth herein.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

**COUNT II – BREACH OF WARRANTIES**

27. Petra repeats and incorporates all preceding paragraphs as if fully set forth herein.

28. The terms of the Contract speak for themselves. To the extent the allegations in Paragraph 28 of Meridian's Counterclaim do not conform with the plain language of the Contract, denied.

29. The terms of the Contract speak for themselves. To the extent the allegations in Paragraph 29 of Meridian's Counterclaim do not conform with the plain language of the Contract, denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Meridian, as the lien debtor, and Harco, as surety, are jointly and severally liable to Petra in the principal amount of $335,000, which is the unpaid amount Meridian owes to Petra on this Project.

## PRAYER FOR RELIEF

**WHEREFORE,** Counterclaim Defendant, Petra, Inc., prays for judgment against Counterclaim Plaintiff Meridian Hotel Holdings, LLC, and for each claim asserted against it, as well as an order dismissing those claims with prejudice and an award of its reasonable legal fees and costs associated with responding to, and opposing the Counterclaims. Finally, Petra respectfully asks this Honorable Court for any other just and reasonable relief the Court deems appropriate.

## AFFIRMATIVE DEFENSES

1. Meridian failed to state a claim on which relief can be granted.

2. Meridian's claims against Petra are barred for a failure to mitigate its damages.

3. Meridian has not suffered any damages attributable to Petra.

4. Meridian's damages, if any, were caused by parties over which Petra has no control or legal right of control.

5. Meridian's claims fail under the doctrines of waiver, estoppel, unclean hands, or acquiescence.

6. Petra reserves the right to amend or supplement its Affirmative Defenses as new information becomes available, including through the course of discovery.

## THIRD-PARTY COMPLAINT

1. Petra, Inc. ("**Petra**") is an Idaho corporation with a principal place of business located at 1097 N. Rosario Street, Suite 200, Meridian, ID 86342.

2. On information and belief, Third-Party Defendant BEI Construction, LLC ("**BEI Construction**") is an Indiana limited liability company with a principal place of business located at 6348 W. 1400 N. Elwood, IN 46036.

3. On information and belief, Third-Party Defendant BEI Framing, LLC ("**BEI Framing**") (together with BEI Construction, "**BEI**") is a Michigan limited liability company with a principal place of business located at 200 W. Michigan Avenue, Suite 201, Kalamazoo, MI 49007.

4. On information and belief, Third-Party Defendant Service Experts Heating & Air Condition, LLC ("**Service Experts**") is a Delaware limited liability company with a principal place of business located at 3820 American Drive, Suite 200, Plano, TX 75075.

5. On information and belief, Third-Party Defendant View Point, Inc. ("**View Point**") is a window, door, and hardware supplier with locations in Wyoming and Idaho.

6. On information and belief, Third-Party Defendant Brickline Masonry Company, LLC ("**Brickline**") is an Idaho limited liability company with a principal place of business located at 1215 Stahlridge Street, Caldwell, ID 83605.

7. On information and belief, Third-Party Defendant Matson Enterprises, LLC ("**Matson**") is an Idaho limited liability company with a principal place of business located at 524 3rd Street, South #102, Nampa, ID 83651.

8. This Court has jurisdiction over the initial claims between Petra, Meridan Hotel Holdings, LLC ("**Meridan**") and Harco Insurance Company ("**Harco**"). While this Court would not have jurisdiction over the Third-Party Claims due to lack of diversity jurisdiction, this Court may exercise its discretion and maintain jurisdiction via Supplemental Jurisdiction under 28 U.S.C. § 1367.

9. Venue here is proper because the property at issue is located in Ada County, Idaho, and because the contracts at issue were to be performed in Ada County, Idaho.

## GENERAL ALLEGATIONS

10. On or about March 11, 2021, Petra entered into an AIA A101-2017 Standard Form Agreement between itself and Meridian, whereby Petra agreed to act as the general contractor of the Project (the "**Prime Contract**"). See [Dkt. 1-2].

11. This lawsuit arises from a commercial transaction (as such term is defined in Idaho Code § 12-120(3)) between Plaintiff and Meridian and the construction of the WoodSpring Suites hotel located at 1262 S. Rackham Way, Meridian, ID 83642 (the "**Project**" or the "**Hotel**").

12. In furtherance of Petra's general contractor duties, it entered into certain contractual agreements with subcontractors and suppliers, including BEI, Service Experts, View Point, Brickline, and Matson (together the "**Subcontractors**") for work and materials for the Project.

13. Meridan asserted counterclaims against Petra, which Petra has denied, whereby Meridian alleged certain defects and deficiencies in the construction of the Hotel, including but not necessarily limited to:

a. Improperly-installed, missing, and/or faulty flashing, siding, cladding, trim, eaves, soffits, and fascias;

b. Improperly-installed and improperly-sloped packaged terminal air conditioner (PTAC) sleeves, and improperly-sealed flashing and PTAC sleeves;

c. Improper framing and missing flashing around multiple windows and window frames;

d. Missing flashing around multiple doors; and

e. Improper air exchange within building due to missing sealants, flashings, and sleeves, causing unwanted moisture penetration.

14. Meridian also alleged that it "now experienced additional leaking and moisture intrusion events, revealing, inter alia (and in addition to the defects identified above), improper sealing around windows, gapped and missing flashing, cracks in masonry, and construction of window frames not in accordance with design specifications."

15. Meridian's alleged defects, identified in the Paragraphs immediately above, are henceforth collectively referred to as the "**Alleged Defects**."

16. Petra denies any wrongdoing, breach of contract, breach of warranty, negligence, or other liability in response to Meridan's claims against it.

17. Nevertheless, if Meridian proves its claims, then parties other than Petra are responsible for the Alleged Defects.

## PETRA'S FIRST CLAIM FOR RELEIF
## (Breach of Contract)

18. Petra incorporates the foregoing allegations by reference as if fully set forth herein.

19. In furtherance of Petra's role as general contractor, Petra agreed to and executed contracts with BEI Construction, Service Experts, View Point, Brickline and Matson for work, supplies, or materials at issue in the Alleged Defects.

20. Upon information and belief, BEI Framing assumed part or all of the subcontract agreement between Petra and BEI Construction.

21. Petra's respective contracts and agreements with the Subcontractors incorporate by reference the Prime Contract and contract documents related to the Project.

22. To the extent Meridian's claims and allegations are proven true at trial, which Petra denies, then the Subcontractors each breached their respective subcontracts with Petra by providing faulty, inadequate, defective or otherwise insufficient work, supplies, or materials for the Project and are, therefore, responsible for the Alleged Defects.

23. To the extent Meridian's claims and allegations are proven true at trial, which Petra denies, the Subcontractors breached their respective subcontracts with Petra and, in doing so, actually, and proximately caused Petra damages in an amount to be proven at trial.

## PETRA'S SECON CLAIM FOR RELIEF
## (Breach of Contract – Failure to Defend, Indemnify, and Hold Harmless

24. Petra incorporates the foregoing allegations by reference as if fully set forth herein.

25. In furtherance of Petra's role as general contractor, Petra agreed to and executed contracts with BEI Construction, Service Experts, View Point, Brickline and Matson for work, supplies, or materials at issue in the Alleged Defects.

26. Upon information and belief, BEI Framing assumed part or all of the subcontract agreement between Petra and BEI Construction.

27. In each of their respective subcontracts with Petra for the Project, the Subcontractors each agreed to defend, indemnify, and hold Petra harmless from any claims or disputes identified by Meridian that concerns their respective work under the agreement.

28. Petra has sent notices to the Subcontractors demanding they defend, indemnify, and hold Petra harmless from and against the Alleged Defects pursuant to their obligations under their respective subcontracts.

29. To date, none of the Subcontractors have complied with their respective obligations to defend, indemnify, and hold Petra harmless for the Alleged Defects identified by Meridian.

30. As a result, each Subcontractor has respectively breached their contractual obligations to Petra and Petra is entitled to recover any and all damages arising from the same, including but not limited to reasonable attorney's fees and costs to defend against the Alleged Defects.

31. To the extent Meridian's claims and allegations are proven true at trial, which Petra denies, the Subcontracts must indemnify Petra under the plain language of their respective contracts.

## PRAYER FOR RELIEF

WHERFORE, Petra, Inc. hereby requests that this Court enter judgment in its favor and against BEI Construction, LLC; BEI Framing, LLC; Service Experts Heating & Air Conditioning, LLC; View Point, Inc.; Brickline Masonry Company, LLC; and Matson Enterprises, LLC for their breaches of contract. Petra further requests an award of damages, in amount to be proven at trial,

as well as reasonable costs and attorney's fees, pre- and post-judgment interest, and any other relief this Court deems just and reasonable

**DATED** this 23rd day of June 2025.

**BERG HILL GREENLEAF RUSCITTI LLP**

s/ Jack *Storti*
By: Jack Storti, Attorneys for Plaintiff Petra, Inc.