Bradley S. Richardson, ISB No. 7008
Robert R. Gates, ISB No. 2045
Matthew T. Tobeck ISB No. 11240
GARRETT RICHARDSON, PLLC
738 S. Bridgeway Place, Suite 100
Eagle, Idaho 83616
Telephone: (208) 938-2255
Facsimile: (208) 938-2277
brad@garrettrichardson.com
robert@garrettrichardson.com
matthew@garrettrichardson.com

Attorneys for Third-Party Defendant Viewpoint, LLC (formerly View Point, Inc.)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PETRA INC., an Idaho Corporation<br><br>Plaintiff,<br><br>vs.<br><br>Meridian Hotel Holdings, LLC a Washington limited liability company; Harco National Insurance Company, Surety<br><br>Defendants. | Case No. 1:25-cv-00068-BLW<br><br>**VIEWPOINT, LLC'S ANSWER TO PETRA, INC'S THIRD-PARTY COMPLAINT** |
| PETRA INC., an Idaho Corporation<br><br>Third-Party Plaintiff,<br><br>vs.<br><br>**BEI Construction, LLC**, and Indiana limited liability company; **BEI Framing, LLC** a Michigan limited liability company; **Service Experts Heating & Air Condition, LLC** a Delaware limited liability company; **View Point, Inc., Brickline Masonry Company, LLC**, and Idaho limited liability company; **Matson Enterprises, LLC**, and Idaho limited liability company<br><br>Third-Party Defendants. | |

COMES NOW the law firm Garrett Richardson, PLLC, and on behalf of Third-Party Defendant Viewpoint, LLC (formerly View Point, Inc., hereinafter "Viewpoint") hereby files an Answer to Petra Inc.'s ("Petra" or "Third-Party Plaintiff") Third-Party Complaint ("Third-Party Complaint"), which it filed with this Court on June 23, 2025, as follows:

**I.**

**FIRST DEFENSE**

Viewpoint specifically denies each and every allegation of Petra's Third-Party Complaint except as expressly admitted below, including any and all allegations directed to parties other than Viewpoint, as Viewpoint is unable to respond to such allegations for lack of sufficient information or belief as to the veracity of such allegations.

**II.**

**SECOND DEFENSE**

Plaintiff Petra's Third-Party Complaint fails to state a claim upon which relief may be gratned.

**III.**

**PARTIES, JURISDICTION, AND VENUE**

1. In response to Paragraph 1 of Petra's Third-Party Complaint, Viewpoint lacks sufficient information to admit or deny this Paragraph and therefore denies it.

2. In response to Paragraph 2 of Petra's Third-Party Complaint, Viewpoint lacks sufficient information to admit or deny this Paragraph and therefore denies it.

3. In response to Paragraph 3 of Petra's Third-Party Complaint, Viewpoint lacks sufficient information to admit or deny this Paragraph and therefore denies it.

4. In response to Paragraph 4 of Petra's Third-Party Complaint, Viewpoint lacks sufficient information to admit or deny this Paragraph and therefore denies it .

5. In response to Paragraph 5 of Petra's Third-Party Complaint, admit that Viewpoint, LLC (formerly View Point, Inc.) is a window and hardware supplier with location in Wyoming and Idaho.

6. In response to Paragraph 6 of Petra's Third-Party Complaint, Viewpoint lacks sufficient information to admit or deny this Paragraph and therefore denies it.

7. In response to Paragraph 7 of Petra's Third-Party Complaint, Viewpoint lacks sufficient information to admit or deny this Paragraph and therefore denies it.

8. In response to Paragraph 8 of Petra's Third-Party Complaint, it states a legal conclusion to which no response is required. To the extent a response is required, Viewpoint lacks sufficient information to admit or deny this Paragraph and therefore denies it.

9. Viewpoint believes venue is proper.

**IV.**

**GENERAL ALLEGATIONS**

10. In response to Paragraph 10 of Petra's Third-Party Complaint, Viewpoint lacks sufficient information to admit or deny this Paragraph and therefore denies it.

11. In response to Paragraph 11 of Petra's Third-Party Complaint, Viewpoint lacks sufficient information to admit or deny this Paragraph and therefore denies it.

12. In response to Paragraph 12 of Petra's Third-Party Complaint, Viewpoint admits that it entered into certain contractual agreements with Petra with respect to the sale and delivery of windows to WoodSpring Suites hotel. However, Viewpoint lacks sufficient information as to the contractual agreements which Petra entered into with other subcontractors and suppliers, and therefore denies the remainder of this Paragraph.

13. In response to Paragraph 13 of Petra's Third-Party Complaint, Viewpoint admits that Meridian appears to have asserted various counterclaims against Petra, which Petra has denied.

However, Viewpoint denies any inference that it is liable for any of the counterclaims which Meridian has made against Petra and therefore denies the remainder of this Paragraph to the extent it may either allege or infer the above.

14. In response to Paragraph 14 of Petra's Third-Party Complaint, Viewpoint admits that Meridian has asserted certain counterclaims against Petra, as cited by Petra in this Paragraph. However, Viewpoint denies any inference that it is liable for any of the counterclaims which Meridian has made against Petra and therefore denies the remainder of this Paragraph to the extent it may either allege or infer the above.

15. In response to Paragraph 15 of Petra's Third-Party Complaint, Viewpoints admits that Petra's Third-Party Complaint appears to refer collectively to all alleged defects referenced prior to Paragraph 15 of its Third-Party Complaint as "Alleged Defects."

16. In response to Paragraph 16 of Petra's Third-Party Complaint, Petra's denials speak for themselves, and Viewpoint admits that Petra has made the denials stated in this Paragraph. However, as Viewpoint currently lacks sufficient information as to the veracity of either Meridian's allegation, or to Petra's denials, Viewpoint therefore denies this Paragraph.

17. In response to Paragraph 17 of Petra's Third-Party Complaint, as Viewpoint currently lacks sufficient information as to the veracity of Meridian's allegations, Petra's denials, or as to the liability of other third-parties to this action regarding work performed by those parties, Viewpoint denies this Paragraph.

## V.

## PETRA'S FIRST CLAIM FOR RELIEF

### (Breach of Contract)

18. In response to Paragraph 18 of Petra's Third-Party Complaint, Viewpoint realleges all previous admissions and denials as set forth above.

19. In response to Paragraph 19 of Petra's Third-Party Complaint, Viewpoint admits that it entered into a contract for the sale of windows with Petra. Viewpoint is without sufficient information as to the agreements Petra entered into with the other parties to this action or whether such contracts pertain to the Alleged Defects referenced by Petra in its Third-Party Complaint and therefore denies the remainder of this Paragraph.

20. In response to Paragraph 20 of Petra's Third-Party Complaint, Viewpoint lacks sufficient information to admit or deny this Paragraph and therefore denies it.

21. In response to Paragraph 21 of Petra's Third-Party Complaint, Viewpoint is not aware of any incorporation by reference into its own contract with Petra of Petra's contract with Meridian. Due to this, and because Viewpoint further lacks sufficient knowledge as to the existence or contents of any contracts any third parties made with Petra, Viewpoint denies this Paragraph.

22. In response to Paragraph 22 of Petra's Third-Party Complaint, Viewpoint denies this Paragraph.

23. In response to Paragraph 23 of Petra's Third-Party Complaint, Viewpoint denies it as to itself.

## VI.

## PETRA'S SECOND CLAIM FOR RELIEF

**(Breach of Contract – Failure to Defend, Indemnify, and Hold Harmless)**

24. In response to Paragraph 24 of Petra's Third-Party Complaint, Viewpoint realleges all previous admissions and denials as set forth above.

25. In response to Paragraph 25 of Petra's Third-Party Complaint, Viewpoint admits that it entered into a contract with Petra for the sale of windows to Petra. Viewpoint lacks sufficient

information as to the agreements Petra entered into with various third parties regarding work performed at WoodSpring Suites hotel and therefore denies the remainder of this Paragraph.

26. In response to Paragraph 26 of Petra's Third-Party Complaint, Viewpoint lacks sufficient information to admit or deny this Paragraph and therefore denies it.

27. In response to Paragraph 27 of Petra's Third-Party Complaint, Viewpoint admits that Petra's purchase order contains an indemnity provision. Viewpoint denies it is obligated to indemnify Petra in this matter. As Viewpoint is without sufficient information as to the respective contracts of Petra's other subcontractors, it denies the remainder of this Paragraph.

28. In response to Paragraph 28 of Petra's Third-Party Complaint, deny. Viewpoint admits that it received a Notice of Lawsuit/Claim and Request for Defense and Indemnity from Berg Hill Greenleaf Ruscitti LLP on July 16, 2025, which was dated July 9, 2025. However, this was not sent by Petra or received by Viewpoint until after Petra filed its Third-Party Complaint. To the extent this paragraph implies Viewpoint has an obligation to defend, indemnify, and hold Petra harmless against all allegations made by Meridian it is denied. As Viewpoint is without sufficient information as to the existence or contents of any notices sent to any third parties to this action, Viewpoint denies the remainder of this Paragraph.

29. In response to Paragraph 29 of Petra's Third-Party Complaint, Viewpoint is without sufficient information as to the existence or contents of any notices sent to any third parties to this action or as to whether any third party receiving any such notices complied with the demands made therein and therefore denies it. Viewpoint further denies any allegation or inference that any obligation exists on its part to defend, indemnify, or hold Petra harmless against allegations made by Meridian in this matter.

30. In response to Paragraph 30 of Petra's Third-Party Complaint, Viewpoint denies this Paragraph.

31. In response to Paragraph 31 of Petra's Third-Party Complaint, Viewpoint denies this Paragraph.

**VII.**

**THIRD DEFENSE**

As noted in Petra's purchase order from May 10, 2021, the scope of the work performed by Viewpoint in this matter was limited to sale and delivery of windows to Petra. As such, Petra and/or the subcontractors who performed the installation of the windows are the parties liable for any allegations by made either Meridian or by Petra which in any way pertain to any alleged deficient or defective installation, framing, construction, or the like.

**FOURTH DEFENSE**

To date, Viewpoint is not aware of any specific deficiency or defect with respect to the construction of the windows it delivered. Viewpoint is not aware of any prior warranty claims by Petra, Meridian, or otherwise with respect to the quality of the construction of the windows it delivered or with respect to any non-delivery of materials required for installation by Petra and/or its subcontractors. Further, Meridian's Counterclaim, filed with this Court on May 19, 2025, only implicates work performed by Petra or its subcontractors, despite allegations made by Petra to the contrary in its June 9, 2025, Notice of Lawsuit/Claim and Request for Defense and Indemnity.

**FIFTH DEFENSE**

Idaho's anti-indemnity statute, Idaho Code § 29-114 voids and makes unenforceable any indemnity language which Petra attempted to employ in its agreement with Viewpoint.

**SIXTH DEFENSE**

Viewpoint's agreement includes language requiring Petra to indemnify Viewpoint which has the effect, Idaho Code § 29-114 aside, of cancelling each other out.

**SEVENTH DEFENSE**

Even assuming, *arguendo*, that the indemnity clause in Petra's purchase order is enforceable, which it is not, by its own terms, it only pertains to claims related to the performance of the order, which, again, only relate to supplying Petra with windows, without installation.

**EIGHTH DEFENSE**

Even assuming, *arguendo*, that the indemnity clause in Petra's purchase order is enforceable, which it is not, it was not possible for Viewpoint to have breached any such agreement with Petra at the time Petra alleges such a breach. Petra's Third-Party Complaint was filed on June 23, 2025. Paragraph 28 states, "Petra has sent notices to the Subcontractors demanding they defend, indemnify, and hold Petra harmless from and against the Alleged Defects pursuant to their obligations under their respective subcontracts. However, as noted in paragraph 28 above, Viewpoint only received the above-referenced notice on July 16, 2025, said notice being dated July 9, 2025.

**NINTH DEFENSE**

Petra's claims are barred by the doctrines of waiver, estoppel, and/or laches.

**TENTH DEFENSE**

Petra is barred from recovery in whole or part for failure to mitigate its damages.

**ELEVENTH DEFENSE**

Petra's damages, if any, are limited by Idaho Code § 6-1606.

**ADDITIONAL DEFENSES**

Viewpoint reserves the right to assert additional affirmative defenses as additional information related to the vague complaint are discovered including but not limited to further specification as to the specific claims being asserted and their underlying factual basis.

**VII.**

**REQUEST FOR ATTORNEY FEES**

Viewpoint has been required to retain the services of an attorney in order to defend against Petra's Third-Party Complaint and is entitled to reasonable attorney's fees and costs of suit pursuant to IDAHO CODE §§ 12-120(1), 12-120(3), 12-121, I.R.C.P, and Rule 54 of the Federal Rules of Civil Procedure.

WHEREFORE, Viewpoint prays for judgment against Petra as follows:

1. That Petra take nothing by their Third-Party Complaint as it pertains to Viewpoint;

2. That the Petra's Third-Party Complaint in this matter as it pertains to Viewpoint be dismissed with prejudice;

3. That Viewpoint be awarded its costs in this matter pursuant to I.R.C.P. 54(d);

4. That Viewpoint be awarded its reasonable attorney's fees pursuant to IDAHO CODE §§ 12-120(1), 12-120(3), 12-121, I.R.C.P. 54, and Rule 54 of the Federal Rules of Civil Procedure.

5. For other and further relief as the Court may deem just, proper, or equitable under the circumstances.

DATED this 8th day of August, 2025.

GARRETT RICHARDSON, PLLC

By /S/ Bradley S. Richardson
Bradley S. Richardson, Of the Firm
Attorneys for Third-Party Defendant
View Point, LLC.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 8th day of August, 2025, I caused a true and correct copy of the foregoing **VIEWPOINT, LLC'S ANSWER TO PETRA, INC'S THIRD-PARTY COMPLAINT** to be served by the method indicated below, and addressed to the following:

| | |
|---|---|
| John Peter Storti – ISB No. 9446<br>**BERG HILL GREENLEAF RUSCITTI LLP**<br>1712 Pearl Street<br>Boulder, CO 80302<br>Telephone: (303) 590-1210<br>Email: jps@bhgrlaw.com | ____ U.S. Mail, postage prepaid<br>____ Hand-Delivered<br>____ Overnight Mail<br>____ Facsimile<br>__X__ E-File |

Attorneys for Plaintiff

| | |
|---|---|
| Thomas John Lloyd, III<br>Miller Nash LLP<br>950 Bannock St. Ste 1100<br>Boise, Idaho 83702<br>Telephone: (208) 906-3072<br>Email: Thomas.lloyd@millernash.com | ____ U.S. Mail, postage prepaid<br>____ Hand-Delivered<br>____ Overnight Mail<br>____ Facsimile<br>__X__ E-File |

Attorneys for Defendant

/s/ Bradley S. Richardson
Bradley S. Richardson