Bentley G. Stromberg
Tully P. FitzMaurice
CLEMENTS, BROWN & McNICHOLS, P.A.
Attorneys at Law
bstromberg@clbrmc.com
tfitzmaurice@clbrmc.com
321 13th Street
Post Office Box 1510
Lewiston, Idaho 83501
(208) 743-6538
(208) 746-0753 (Facsimile)
ISB No. 3737
ISB No. 10649

Attorneys for Matson Enterprises, LLC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **PETRA, INC.**, an Idaho Corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>**Meridian Hotel Holdings, LLC**<br>a Washington limited liability company;<br>**Harco National Insurance Company**<br>Surety,<br><br>Defendants. | Case No: 1:25-cv-0068-BLW<br><br>ANSWER TO PETRA'S THIRD PARTY COMPLAINT |

| | |
|---|---|
| **Petra, INC.**, an Idaho corporation,<br><br>Third-Party Plaintiff<br>vs.<br><br>**BEI Construction, LLC,** an Indiana limited liability company; **BEI Framing, LLC**, a Michigan limited liability company; **Service Experts Heating & Air Condition, LLC,** a Delaware limited liability company; **View Point, Inc.**; **Brickline Masonry Company, LLC**, an Idaho limited liability company; **Matson Enterprises, LLC**, an Idaho limited liability company<br><br>Third-Party Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMES NOW** Third-Party defendant, Matson Enterprises, LLC, (Matson) by and through its attorneys, Bentley G. Stromberg, and Tully P. FitzMaurice of Clements, Brown & McNichols, P.A., and hereby submits this Answer to Petra, Inc's (Petra) Third-Party Complaint.

## PARTIES, JURISDICTION, AND VENUE

1. In response to Paragraph 1 of Petra's Third-Party Complaint, Matson lacks sufficient information to admit or deny this Paragraph and therefore denies it.

2. In response to Paragraph 2 of Petra's Third-Party Complaint, Matson lacks sufficient information to admit or deny this Paragraph and therefore denies it.

3. In response to Paragraph 3 of Petra's Third-Party Complaint, Matson lacks sufficient information to admit or deny this Paragraph and therefore denies it.

4. In response to Paragraph 4 of Petra's Third-Party Complaint, Matson lacks sufficient information to admit or deny this Paragraph and therefore denies it.

5. In response to Paragraph 5 of Petra's Third-Party Complaint, Matson lacks sufficient information to admit or deny this Paragraph and therefore denies it.

6. In response to Paragraph 6 of Petra's Third-Party Complaint, Matson lacks sufficient information to admit or deny this Paragraph and therefore denies it.

7. Matson admits paragraph 7 of Petra's Third-Party Complaint.

8. Paragraph 8 of Petra's Third-Party Complaint states a legal conclusion to which no response is required. To the extent a response is required, Matson lacks sufficient information to admit or deny this Paragraph and therefore denies it.

9. Matson admits paragraph 9 of Petra's Third-Party Complaint.

## GENERAL ALLEGATIONS

10. In response to Paragraph 10 of Petra's Complaint, the paragraph references a document that speaks for itself. Matson denies any inference or allegation that differs from the document (Dkt. 1-2).

11. In response to Paragraph 11 of Petra's Third-Party Complaint, Matson lacks sufficient information to admit or deny this Paragraph and therefore denies it.

12. In response to Paragraph 12 of Petra's Third-Party Complaint, Matson admits that it entered into certain contractual agreements with Petra with respect to work to be completed at the Project. However, Matson lacks sufficient information as to the contractual agreements which Petra entered into with other subcontractors and suppliers to admit or deny the allegations related to them, and therefore denies the remainder of this Paragraph.

13. In response to Paragraph 13 of Petra's Third-Party Complaint, Matson admits that Meridian appears to have asserted various counterclaims against Petra, which Petra has denied. However, Matson denies any inference that it is liable on any of the counterclaims which Meridian has made against Petra and therefore denies the remainder of this Paragraph to the extent it may either allege or infer the above.

14. In response to Paragraph 14 of Petra's Third-Party Complaint, Matson admits that Meridian has asserted certain counterclaims against Petra, as cited by Petra in this Paragraph. However, Matson denies any inference that it is liable on any of the counterclaims which Meridian made against Petra and therefore denies the remainder of this Paragraph to the extent it may allege or infer the above.

15. In response to Paragraph 15 of Petra's Third-Party Complaint, Matson admits that Petra's Third-Party Complaint appears to refer collectively to all alleged defects referenced prior to Paragraph 15 of its Third-Party Complaint as "Alleged Defects."

16. In response to Paragraph 16 of Petra's Third-Party Complaint, Petra's denials speak for themselves, and Matson admits that Petra has made the denials stated in this Paragraph. However, as Matson currently lacks sufficient information as to the veracity of either Meridian's allegations, or to Petra's denials, Matson therefore denies this remainder of this Paragraph.

17. In response to Paragraph 17 of Petra's Third-party Complaint, Matson currently lacks sufficient information as to the veracity of Meridian's allegations, Petra's denials, or as to the liability of other third-parties to this action regarding work performed by those parties, and therefore denies this Paragraph.

**PETRA'S FIRST CLAIM FOR RELIEF**

**(BREACH OF CONTRACT)**

18. In response to Paragraph 18 of Petra's Third-Party Complaint, Matson re-alleges all previous admissions and denials as set forth above.

19. In response to Paragraph 19 of Petra's Third-party Complaint, Matson admits that it entered into a contract for the completion of certain work at the Project. Matson is without sufficient information as to the agreements Petra entered into with the other parties to this action or whether such contracts pertain to the Alleged Defects referenced by Petra in its Third-Party Complaint and therefore denies the remainder of this Paragraph.

20. In response to Paragraph 20 of Petra's Third-Party Complaint, Matson lacks sufficient information to admit or deny this Paragraph and therefore denies it.

21. In response to Paragraph 21 of Petra's Third-Party Complaint, Matson lacks sufficient information to admit or deny this Paragraph and therefore denies it.

22. In response to Paragraph 22 of Petra's Third-Party Complaint, Matson lacks sufficient information to admit or deny this Paragraph and therefore denies it.

23. In response to Paragraph 23 of Petra's Third-Party Complaint, Matson lacks sufficient information to admit or deny this Paragraph and therefore denies it.

**PETRA'S SECOND CLAIM FOR RELIEF**

**(BREACH OF CONTRACT – FAILURE TO DEFEND, INDEMNIFY, AND HOLD HARMLESS)**

24. In response to Paragraph 24 of Petra's Third-Party Complaint, Matson re-alleges all previous admissions and denials as set forth above.

25. In response to Paragraph 25 of Petra's Third-Party Complaint, Matson admits that it entered into a contract for the completion of certain work at the Project. Matson is without sufficient information as to the agreements Petra entered into with the other parties to this action or whether such contracts pertain to the Alleged Defects referenced by Petra in its Third-Party Complaint and therefore denies the remainder of this Paragraph.

26. In response to Paragraph 26 of Petra's Third-Party Complaint, Matson lacks sufficient information to admit or deny this Paragraph and therefore denies it.

27. In response to Paragraph 27 of Petra's Third-Party Complaint, Matson lacks sufficient information to admit or deny this Paragraph and therefore denies it.

28. In response to Paragraph 28 of Petra's Third-Party Complaint, Matson lacks sufficient information to admit or deny this Paragraph and therefore denies it.

29. In response to Paragraph 29 of Petra's Third-Party Complaint, Matson lacks sufficient information to admit or deny this Paragraph and therefor denies it.

30. Matson denies Paragraph 30 of Petra's Third-Party Complaint.

31. In response to Paragraph 31 of Petra's Third-Party Complaint, Matson lacks sufficient information to admit or deny this Paragraph and therefore denies it.

## PRAYER FOR RELIEF

Matson denies all allegations contained in Petra's Third-Party Complaint Prayer for Relief.

Any allegation not specifically admitted in Petra's Third-Party Complaint are hereby denied

## AFFIRMATIVE DEFENSES

1. Petra failed to state a claim against Matson upon which relief can be granted.

2. Petra has failed to mitigation its damages, if any.

3. Petra's damages, if any, are limited by Idaho Code § 6-1606.

4. Petra's claims against Matson are barred by the doctrines of waiver, estoppel, laches, unclean hands, or acquiescence.

5. Petra's damages, if any, were caused by parties over which Matson has no control or legal right of control.

6. Matson reserves the right to amend or supplement its Affirmative Defenses as new information becomes available, including through the course of discovery.

**WHEREFORE,** Matson prays judgment against Petra as follows:

1. That Petra takes nothing by its Third-Party Complaint as it pertains to Matson;

2. That the Petra's Third-Party Complaint in this matter as it pertains to Matson be dismissed with prejudice;

3. That Matson be awarded its costs in this matter pursuant to I.R.C.P. 54(d);

4. That Matson be awarded its reasonable attorney's fees pursuant to Idaho Code §§ 12-120(1), 12-120(3), 12-121 and Rule 54 of the Federal Rules of Civil Procedure.

5. For other and further relief as the Court may deem just, proper, or equitable under the circumstances.

DATED this 19th day of August, 2025.

CLEMENTS BROWN & MCNICHOLS, P.A.

By /s/ Tully P. FitzMaurice______
Tully P. FitzMaurice
Bentley G. Stromberg
Attorneys for Third-Party Defendant
Matson Enterprises, LLC