IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PETRA, INC., an Idaho corporation,<br><br>        Plaintiff,<br><br>    v.<br><br><br>MERIDIAN HOTEL HOLDINGS, LLC, a Washington limited liability company; HARCO NATIONAL INSURANCE COMPANY, surety,<br><br>        Defendants. | Case No. 1:25-CV-00068-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Harco's motion to dismiss Petra's claims against it for failure to state a claim upon which relief can be granted. *Motion to Dis.*, Dkt. 13-1. For the reasons explained below, the Court will deny this motion.

## BACKGROUND

**1.    Factual Background**

This case stems from the building of a hotel in Southwestern Idaho. *Compl.* ¶¶ 10-14, Dkt. 1 at 2-3. Meridian, the company that wanted to build it, owned property in this area and agreed to use Petra as its general contractor. *Compl.* ¶¶ 10-12, Dkt. 1 at 2-3. After work began, Petra and Meridian had a dispute about

proper payment, which led to Petra filing a $335,000 lien against the property for payment it believed it was owed. *Compl.*, Dkt. 1 at 3. Under Idaho law, that lien constituted a legal encumbrance against Meridian's property that prevented the sale of that property.

To remove the lien from the property, Meridian obtained a lien release bond. *Compl.* ¶¶ 25, 27-28, Dkt. 1 at 4-5; Dkt. 1-5 at 1. Harco was the surety for the bond, meaning it took responsibility to satisfy any claim by Petra against Meridian. *Compl.* ¶ 29, Dkt. 1 at 5. Meridian and Petra then agreed in state court to replace Petra's lien with the lien release bond. *Compl.* ¶¶ 27-28, Dkt. 1 at 5.

## 2.    Procedural History

On February 6, 2025, Petra sued Meridian and Harco. *Compl.*, Dkt. 1. It raised two claims. First, Petra alleged that Meridian breached the contract with Petra and was thus liable for damages against it. *Compl.* ¶¶ 15-20, Dkt. 1 at 3-4. Second, Petra alleged that Harco, as surety on the lien release bond, was jointly and severally liable for the damages Meridian owed Petra. *Compl.* ¶¶ 21-30, Dkt. 1 at 4-5.

Harco then filed a motion to dismiss Petra's claim against it. *Motion to Dis.*, Dkt. 13-1. Harco argued that Petra filed its claim against Harco after the lien release bond expired and thus that Petra failed to state a claim upon which relief

could be granted. *Motion to Dis.*, Dkt. 13-1.

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While a complaint attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. To survive a motion to dismiss, a complaint must contain sufficient factual matter, which, when accepted as true, "state[s] a claim to relief that is plausible on its face." *Id*. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. at 557.

The Supreme Court in *Ashcroft v. Iqbal* identified two "working principles"

that underlie *Twombly*. 556 U.S. 662, 678 (2009). First, the court need not accept as true, legal conclusions that are couched as factual allegations. *Id*. That is, Rule 8 does not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678-79. Second, to survive a motion to dismiss, a complaint must state a plausible claim for relief. *Id.* at 679. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The issue is not whether plaintiff will prevail but whether he "is entitled to offer evidence to support the claims." *Diaz v. Int'l Longshore and Warehouse Union, Local 13*, 474 F.3d 1202, 1205 (9th Cir. 2007) (internal citations omitted).

Under Rule 12(b)(6), the Court may consider matters that are subject to judicial notice. *Mullis v. United States Bank*, 828 F.2d 1385, 1388 (9th Cir. 1987). The Court may take judicial notice "of the records of state agencies and other undisputed matters of public record" without transforming the motions to dismiss into motions for summary judgment. *Disabled Rights Action Comm. v. Las Vegas Events, Inc.,* 375 F.3d 861, 866, n.1 (9th Cir. 2004). However, courts should be cautious when considering a request to take judicial notice because the consequences of granting such a request are significant. *Rivera v. Phillip Morris, Inc.*, 395 F.3d 1142, 1151 (9th Cir. 2005). The Court may also examine documents

referred to in the complaint, although not attached to it, without transforming the motion to dismiss into a motion for summary judgment. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

## ANALYSIS

Harco argues that the Court should dismiss Petra's claims against it arising from a lien release bond because that bond expired before Petra filed its claims. *Motion to Dis.*, Dkt. 13-1. In making this argument, Harco points to the "policy period" listed on the invoice for Meridian's purchase of the bond. *Motion to Dis.*, Dkt. 13-1 at 2-3, 7. It then asserts that the bond expired at the end of this period. *See Motion to Dis.*, Dkt. 13-1 at 2-7. Harco acknowledges that Petra did not refer to or attach this invoice in its complaint but argues that the Court should take judicial notice of Petra's "stipulation" in Idaho state court "to all terms and conditions of the bond," including the policy period, agreed to by Meridian and Harco. *Reply*, Dkt. 20 at 6.

The Stipulated Order issued by the Idaho state court released Petra's lien against Meridian after Meridian established that it had obtained a lien release bond. *Stip. Order*, Dkt. 13-2 at 29-30. In the Stipulated Order, the court noted that Petra did not oppose "the Amended Petition." *Stip. Order*, Dkt. 13-2 at 30. The Amended Petition was Meridian's request that the court order the release of Petra's

lien. *Amend, Pet.*, Dkt. 13-2 at 17. In support of this request, Meridian asserted that it had obtained a lien release bond to replace Petra's lien and that the bond met all statutory requirements. *Amend, Pet.*, Dkt. 13-2 at 16-17.

Specifically, Meridian noted that it was the owner of the property subject to Petra's lien, that Petra had recorded a lien against that property, that Meridian purchased a surety bond for one-and-a-half times the amount of the lien, and that Meridian had paid for that surety bond. *Amend, Pet.*, Dkt. 13-2 at 16-17. Considering the Stipulated Order and Amended Petition together, these documents thus show that Petra stipulated to Meridian's representations in the Amended Petition.

That said, those representations do not include "all terms and conditions of the bond," including the policy period agreed to by Meridian and Harco. Harco therefore appears to request not just that the Court take judicial notice of these documents, but that it first draw the inference that Petra stipulated to all terms of the lien release bond and then take judicial notice of this inference. That, however, the Court cannot do. The Court can only take judicial notice of the court documents themselves and their contents, not inferences drawn from those contents. *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) ("Nonetheless, we may not, on the basis of these reports, draw inferences or take

notice of facts that might reasonably be disputed.").

Moreover, the Court can only take judicial notice of undisputed facts, but Petra contests the claim that it consented to all terms of the agreement between Meridian and Harco. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) ("a court cannot take judicial notice of disputed facts contained in such public records"); *Resp. to Motion to Dis.*, Dkt. 16, at 3-7. Thus, the Court will not take judicial notice that Petra stipulated to "all terms and conditions of the bond," including the policy period agreed to by Meridian and Harco.

The Court will also deny Harco's motion to dismiss Petra's complaint. Harco's motion to dismiss is premised on the information of which the Court declines to take judicial notice. *See Motion to Dis.*, Dkt. 13-1; *Reply*, Dkt. 20. Without judicial notice of this information, Harco has no remaining argument that Petra's complaint was not adequately pled. *See Motion to Dis.*, Dkt. 13-1; *Reply*, Dkt. 20. Even its bald assertion that Petra's compliance with the pleading requirement was "formulaic" is followed by Harco's concession that it did not move to dismiss the complaint on that basis. *Reply*, Dkt. 20 at 5. But even if Harco is arguing for dismissal based upon a "formulaic" complaint, that argument fails.

Petra's allegations against Harco, when taken as true—as they must be on a motion to dismiss—identify a plausible claim for relief. Petra identified the nature

**Memorandum Decision & Order - 7**

of the dispute and the lien it secured against Meridian's property. *Compl.* ¶¶ 10-30, Dkt. 1 at 2-5. It then noted that Meridian obtained a lien release bond from Harco and replaced the lien with it. *Compl.* ¶ 25, Dkt. 1 at 4. Petra stated that the lien release bond resulted in Meridian and Harco being jointly and severally liable to Petra for the amount of the lien. *Compl.* ¶ 29, Dkt. 1 at 5. It attached to the complaint the lien release bond, which states that the bond expires only when payment is made to Petra for its claim first recorded in the lien. Dkt. 1-5. Finally, Petra asserted that under Idaho Code § 45-522(1)(a-e), it was entitled to relief from Harco under the terms of the lien release bond. *Compl.* ¶ 30 Dkt. 1 at 5. Petra's complaint thus satisfies the pleading requirements and Harco's motion to dismiss is therefore denied. *See* Fed. R. Civ. P. 8(a)(2); *Twombly*, 550 U.S. at 555 (holding that Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests").

## ORDER

**IT IS ORDERED that:**

Defendant Harco's Motion to Dismiss (Dkt. 13) is **DENIED**.



DATED: September 4, 2025

B. Lynn Winmill
U.S. District Court Judge