Erika P. Judd (ISB 8241)
Susan E. Hunt (ISB 12208)
JONES WILLIAMS FUHRMAN GOURLEY, P.A.
225 North 9th Street, Suite 820
P.O. Box 1097
Boise, Idaho 83701
Telephone: 208-331-1170
Facsimile: 208-331-1529
ejudd@idalaw.com
shunt@idalaw.com

*Attorneys for Brickline Masonry Company, LLC.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PETRA, INC., an Idaho corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Meridian Hotel Holdings, LLC, a Washington limited liability company; Harco National Insurance Company, Surety<br><br>Defendants. | Case No. 1:25-cv-00068-BLW |
| Petra, Inc., an Idaho corporation,<br><br>Third-Party Plaintiffs,<br><br>Vs,<br>BEI Construction, LLC, an Indiana limited liability company; BEI Framing, LLC, a Michigan limited liability company; Service Experts Heating & Air Condition, LLC, a Delaware limited liability company; View Point, Inc.; Brickline Masonry Company, LLC, an Idaho limited liability company; Matson Enterprises, LLC, an Idaho limited liability company<br>Third-Party Defendants | **BRICKLINE MASONRY COMPANY, LLC'S ANSWER PETRA INC.'S THIRD-PARTY COMPLAINT** |

Third-Party Defendants.

Brickline Masonry Company, LLC, an Idaho limited liability company, (Brickline) by and through its counsel of record, the law firm of JONES WILLIAMS FUHRMAN GOURLEY, P.A., hereby answers Plaintiffs' Verified Third-Party Complaint ("Complaint") and admits, denies, and affirmatively alleges as follows:

**FIRST DEFENSE**

Plaintiff's claims, or some of them, fail to state proper claims upon which relief may be granted.

**SECOND DEFENSE**

Based upon a lack of information, beliefs that certain allegations contained in Plaintiff's Complaint are untrue, and/or certain allegations containing legal conclusions that do not warrant responses, Brickline therefore denies each and every allegation in Plaintiff's Complaint unless specifically admitted herein.

1. In answer to paragraph 1, Brickline admits only that upon information and belief, Petra, Inc. (Petra) is an Idaho corporation.

2. In answer to paragraph 2, Brickline admits only that upon information and belief, BEI Construction, LLC, is a Michigan limited liability company.

3. In answer to paragraph 3, Brickline admits only that upon information and belief, BEI Framing, LLC, is an Indiana limited liability company.

4. In answer to paragraph 4, Brickline admits only that upon information and belief, Service Experts Heating & Air Condition, LLC, is a Delaware limited liability company.

5. In answer to paragraph 5, Brickline admits only that upon information and belief, View Point, Inc. is a hardware supplier.

6. Paragraph 6 is admitted.

7. In answer to paragraph 7, Brickline admits only that upon information and belief, Matson Enterprises, LLC, is an Idaho limited liability company.

8. In answer to paragraphs 8 and 9, Brickline admits only that jurisdiction and venue are proper based solely upon the allegations of Plaintiff.

9. In answer to paragraph 10, Brickline admits only that upon information and belief, there was a Prime Contract between Petra and Meridian Hotel Holdings.

10. Paragraph 11 is admitted.

11. In answer to paragraph 12, Brickline admits only that Petra contracted with Brickline to provide masonry work for the elevator shaft, trash enclosure and brick veneer at the property identified in this action, located in Meridian, Idaho (the "Project"). Brickline lacks information sufficient to form a belief as to the truth of the matters further alleged in the paragraph.

12. Brickline lacks information sufficient to form a belief as to the truth of the matters alleged in paragraphs 13, 14, 15, 16, and 17 and therefore denies the same.

**FIRST CAUSE OF ACTION**
**(Breach of Contract)**

13. In answer to paragraphs 18, 19, and 20, Brickline admits only that Petra contracted with Brickline to provide masonry work for the elevator shaft, trash enclosure, and brick veneer at the property identified in this action, located in Meridian, Idaho (the "Project"), and lacks information sufficient to form a belief as to the truth of the matters further alleged in the paragraphs.

14. In response to paragraph 21, Brickline lacks information sufficient to form a belief as to the truth of the matters and therefore denies the same.

15. In response to paragraph 22, Brickline denies that the work Brickline completed was defective and denies that Brickline is in breach of its contract with Petra. Brickline lacks information sufficient to form a belief as to the truth of the matters further alleged in the paragraph.

16. Paragraph 23 is denied.

**SECOND CAUSE OF ACTION**
**(Breach of Contract – Failure to Defend, Indemnify, and Hold Harmless)**

17. In response to paragraph 24, Brickline incorporates all responses and denials to the foregoing paragraphs as if fully stated herein.

18. In response to paragraphs 25 and 26, to the extent that they pertain to Brickline, Brickline admits that Petra entered into a contract with Brickline for work, supplies, and materials. Brickline lacks information sufficient to form a belief as to the truth of the matters further alleged in these paragraphs.

19. In response to paragraph 27, to the extent that it pertains to Brickline, Brickline asserts the document speaks for itself. Brickline lacks information sufficient to form a belief as to the truth of the matters further alleged in the paragraph.

20. In response to paragraph 28, to the extent that it pertains to Brickline, Brickline admits that it received a demand to defend, indemnify, and hold Petra harmless from the claims made against them. Brickline lacks information sufficient to form a belief as to the truth of the matters further alleged in the paragraph.

21. In response to paragraph 29, to the extent that it pertains to Brickline, Brickline denies the allegation. Brickline lacks information sufficient to form a belief as to the truth of the matters further alleged in the paragraph.

22. In response to paragraph 30, to the extent that it pertains to Brickline, Brickline denies the paragraph. Brickline lacks information sufficient to form a belief as to the truth of the matters further alleged in the paragraph.

23. In response to paragraph 31, to the extent that it applies to Brickline, the document speaks for itself. Brickline lacks information sufficient to form a belief as to the truth of the matters further alleged in the paragraph.

## PRAYER FOR RELIEF

To the extent Petra's prayer for relief is construed to require a response, Brickline denies that Petra is entitled to relief sought from Brickline. Brickline lacks information sufficient to form a belief as to the truth of the matters asserted therein as to other third-party defendants and therefore denies the same.

## THIRD DEFENSE - AFFIRMATIVE DEFENSES

Brickline, in asserting the following defenses, does not admit that the burden of proving the allegations or denials contained in such defenses is upon Brickline. To the contrary, Brickline asserts that by reason of denials and/or by reason of relevant statutory and judicial authority, the burden of proving the facts and/or the burden of proving the inverse of the allegations contained in many of the defenses is upon Third-Party Plaintiff. Moreover, Brickline does not admit, in asserting any defense, any responsibility or liability, and instead specifically denies all allegations of responsibility, fault, and liability to Third-Party Plaintiff.

### FIRST AFFIRMATIVE DEFENSE

Third-Party Plaintiff's claims and the relief sought therefrom would constitute an unjust enrichment of Third-Party Plaintiff to the detriment of Third-Party Defendant Brickline.

**SECOND AFFIRMATIVE DEFENSE**

The damages of which Third-Party Plaintiff complains, if any, may have been proximately caused by the negligence, fault, or legal responsibility of third parties for whom Brickline is not legally responsible.

**THIRD AFFIMRATIVE DEFENSE**

Third-Party Plaintiff may not be the real party in interest with regard to some or all of its claims and/or Third-Party Plaintiff has failed to name necessary and indispensable parties.

**FOURTH AFFIRMATIVE DEFENSE**

Third-Party Plaintiff seeks damages which are not proximately caused by the acts or omissions of Brickline.

**FIFTH AFFIRMATIVE DEFENSE**

Third-Party Plaintiff’s claims are barred, in whole or in part, by the economic loss doctrine.

**SIXTH AFFIRMATIVE DEFENSE**

Pursuant to Idaho Code §§ 6-1606 and 41-1840, and all other applicable law, Third-Party Defendant Brickline is entitled to a set-off from any recovery against it for each item that will be replaced, paid for, or indemnified, in whole or in part, by any collateral sources.

**SEVENTH AFFIRMATIVE DEFENSE**

Any services allegedly provided by Third-Party Defendant Brickline in connection with the construction of the Project were provided in compliance with the scope of services requested and promised.

**EIGHTH AFFIRMATIVE DEFENSE**

Third-Party Plaintiff claims may be barred in whole or in part by the fact that the damages, if any, were proximately caused, in whole or in part, by superseding and/or intervening acts and/or omissions of Petra and/or persons, entities, or causes other than Brickline. Third-Party Plaintiff's claims are further barred by the fact that the damages, if any, were caused by unforeseeable or extraordinary conditions or events, natural occurrences, acts of God, irregular events, or other external factors of which Brickline had no control and for which it has no responsibility.

**NINTH AFFIRMATIVE DEFENSE**

Third-Party Plaintiff's claims are barred or limited by the fact that the damages complained of were the result of unrelated, pre-existing, or subsequent conditions unrelated to Brickline's conduct.

**TENTH AFFIMATIVE DEFENSE**

Third-Party Plaintiff's claims may be barred, in whole or in part, by the doctrine of set-off.

**ELEVENTH AFFIRMATIVE DEFENSE**

Third-Party Plaintiff's damages, if any, may have been proximately caused by the superseding, intervening negligence, and omissions or actions of other third persons, and any negligence or breach of duty on the part of Brickline, if any, was not a proximate cause of the alleged loss to Third-Party Plaintiff. In asserting this defense, Brickline does not admit to any negligence or blameworthy conduct.

## TWELFTH AFFIRMATIVE DEFENSE

Third-Party Plaintiff's claims, or portions thereof, may be barred by all applicable statutes of limitations, repose, and other time limitation periods, including but not limited to those set forth in Idaho Code §§ 5-241, and 6-1403.

## THIRTEENTH AFFIRMATIVE DEFENSE

Other third persons, not in Brickline's control, may have been guilty of negligent and careless misconduct at the time of and in connection with the matters and damages alleged, which misconduct on their part proximately caused and/or contributed to said events and Third-Party Plaintiff's damages, if any.

## FOURTEENTH AFFIRMATIVE DEFENSE

Brickline acted reasonably and with due care at all times relevant to the events and circumstances from which Third-Party Plaintiff's claims allegedly arise.

## FIFTEENTH AFFIRMATIVE DEFENSE

Third-Party Plaintiff's claims are barred based upon the individual and collective legal principles of laches, res judicata, release, ratification, unclean hands, estoppel, consent, acquiescence, and/or waiver.

## SIXTEENTH AFFIRMATIVE DEFENSE

Third-Party Plaintiff's claims may be barred, in whole or in part, by failure of consideration, lack of privity, and/or laches.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Third-Party Plaintiff's claims are barred or reduced to the extent Third-Party Plaintiff may have failed to mitigate its damages.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Brickline breached no contractual or other duty, if any, that may be or have been owed to any party.

**NINETEENTH AFFIRMATIVE DEFENSE**

The claims in this matter are barred or reduced to the extent the work performed by Brickline was overseen, managed, directed, and/or supervised by other persons or entities, including but not limited to Third-Party Plaintiff, government inspectors, and/or other persons, and approved and accepted by Third-Party Plaintiff, government inspectors, and/or other persons.

**TWENTIETH AFFIRMATIVE DEFENSE**

The claims in this matter are barred or reduced to the extent that any repairs performed or other remedial measures taken were not necessary or reasonable, result in added value, betterment, unjust enrichment or a windfall, and/or constitute economic waste.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

The claims in this matter are barred or reduced based upon the *Spearin Doctrine*, and to the extent the project designs, plans, specifications, instructions, and/or directions, including, but not limited to responses to requests for information and/or approvals by design professionals, upon which Brickline reasonably relied, misrepresented conditions relevant to the services and work performed by Brickline, and/or were otherwise defective, contained errors, omissions, inaccuracies, and/or lacked sufficient detail.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

The claims in this matter are barred, in whole or in part, to the extent the damages alleged were caused by failures on the part of persons or entities other than Brickline to follow warnings,

instructions, guidelines, applicable building code(s), laws, regulations, and/or industry standards pertaining, but not necessarily limited to, design and construction of the subject building, handling and installation of building materials or components, and/or the management and supervision of construction activities.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

The claims in this matter are barred or limited by any applicable warranties, disclaimer(s), limitations of remedies, and/or any other provisions limiting damages or remedies in any relevant contract.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

The claims in this matter are barred or reduced to the extent the alleged damages were the result of unforeseen, extraordinary, and irregular events for which Brickline is not responsible.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

All services and materials provided by Brickline in connection with the construction project were provided in compliance with the scope of services requested and promised, in compliance with all required warranties (whether express or implied), and also conformed to the current state of the art, knowledge, trade customs, and standards applicable at the time in the relevant industry. Furthermore, all services and materials provided by Brickline in connection with the project were either accepted, consented to, or ratified by the owner, Meridian Holdings, LLC, and/or the general contractor Alta.

**RESERVATION OF RIGHTS**

Discovery in this matter remains in its initial stage. As discovery progresses, it may reveal additional defenses to Brickline. By failing to raise an affirmative defense, Brickline does

not waive any such defense and explicitly reserves the right to amend, modify, and/or supplement its affirmative defenses as the case progresses.

**ATTORNEY FEES**

Brickline has been required to retain attorneys in order to defend this action and is entitled to recover reasonable attorney fees, pursuant to the provisions contained in Idaho Code §§ 12-120, 12-121, Rule 54 of the Idaho Rules of Civil Procedure, and any other applicable rules or statutes.

**PRAYER FOR RELIEF**

WHEREFORE, Brickline prays for judgment against Petra as follows:

1. That Petra's Third-Party Complaint be dismissed with prejudice and that Petra take nothing thereby.
2. That Brickline be awarded costs, including reasonable attorney fees pursuant to the applicable laws and Rules of Civil Procedure.
3. That judgment be entered in favor of Brickline on all claims for relief.
4. For such other and further relief as the Court deems just and equitable under the circumstances.

DATED this 9th day of September, 2025.

JONES WILLIAMS FUHRMAN GOURLEY, P.A
*/s/ Erika P. Judd*
Erika P. Judd, Of the Firm
Attorney for Defendant Brickline Masonry Company, LLC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of September, 2025, a true and correct copy of the above and foregoing document was forwarded addressed as follows in the manner stated below:

| | | |
|---|---|---|
| John Peter Storti<br>Berg Hill Greenleaf Ruscitti, LLP<br>1712 Pearl Street<br>Boulder, CO 80302 | Hand Delivered<br>U.S. Mail<br>Fax<br>Email<br>E-File<br>*jps@bhgrlaw.com* | ☐<br>☐<br>☐<br>☐<br>☒ |
| Thomas John Lloyd, III<br>Miller Nash LLP<br>950 Bannock St, Ste 1100<br>Boise, ID 83702 | Hand Delivered<br>U.S. Mail<br>Fax<br>Email<br>E-File<br>thomas.lloyd@millernash.com | ☐<br>☐<br>☐<br>☐<br>☒ |
| Bradley S. Richardson<br>Garrett Richardson PLLC<br>738 S. Bridgeway Place, Suite 100<br>Eagle, ID 83616 | Hand Delivered<br>U.S. Mail<br>Fax<br>Email<br>E-File<br>brad@garrettrichardson.com | ☐<br>☐<br>☐<br>☐<br>☒ |
| Matthew Tobeck<br>Garrett Richardson PLLC<br>738 S Bridgeway Pl. Suite 100<br>Eagle, ID 83616 | Hand Delivered<br>U.S. Mail<br>Fax<br>Email<br>E-File<br>matthew@garretrichardson.com | ☐<br>☐<br>☐<br>☐<br>☒ |
| Robert R Gates<br>Garrett Richardson, PLLC<br>738 S Bridgeway Place Ste. 100<br>Eagle, ID 83616 | Hand Delivered<br>U.S. Mail<br>Fax<br>Email<br>E-File<br>Robert@garrettrichardson.com | ☐<br>☐<br>☐<br>☐<br>☒ |

| | | |
|---|---|---|
| Tully Patrick FitzMaurice<br>Clements, Brown, & McNichols, P.A.<br>321 13th Street<br>Lewiston, ID 83501 | Hand Delivered<br>U.S. Mail<br>Fax<br>Email<br>E-File<br>tfitzmaurice@clbrmc.com | ☐<br>☐<br>☐<br>☐<br>☒ |
| J Nick Crawford<br>Brassey Crawford<br>345 Bobwhite Court Suite 215<br>Boise, ID 83701-1009 | Hand Delivered<br>U.S. Mail<br>Fax<br>Email<br>E-File<br>jnc@brassey.net | ☐<br>☐<br>☐<br>☐<br>☒ |
| Ryan Cody Janis<br>Brassey Crawford, PLLC<br>345 Bobwhite Ct. Suite 215<br>Boise, ID 83706 | Hand Delivered<br>U.S. Mail<br>Fax<br>Email<br>E-File<br>rcj@brassey.net | ☐<br>☐<br>☐<br>☐<br>☒ |

*/s/ Erika P. Judd*

Erika P. Judd