Kevin J. Scanlan
ISB #5521; kjs@sgaidaho.com
Jamie K. Ellsworth
ISB # 8372 jke@sgaidaho.com
SCANLAN GRIFFITHS + ALDRIDGE
913 W. River St. Ste. 310
Boise, Idaho 83702
Telephone (208) 991-1200
Fax (208) 908-0043

Attorneys for Third Party Defendants
Services Experts Heating & Air Conditioning, LLC

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **PETRA, INC.,** an Idaho corporation,<br><br>Plaintiff,<br>vs.<br><br>**Meridian Hotel Holdings**, a Washington limited liability company; **Harco National Insurance Company**, Surety,<br><br>Defendants.<br><br>**PETRA, INC.,** an Idaho corporation,<br><br>Third-Party Plaintiff,<br>vs.<br><br>**BEI Construction, LLC**, an Indiana limited liability company; **BEI Framing, LLC**, a Michigan limited liability company; **Service Experts Heating & Air Condition, LLC,** a Delaware limited liability company; **View Point, Inc.; Brickline Masonry Company, LLC,** an Idaho limited liability company; **Matson Enterprises, LLC,** an Idaho limited liability company.<br><br>Third-Party Defendants | Case No. 1:25-cv-00068-BLW<br><br>**THIRD PARTY DEFENDANT SERVICE EXPERTS HEATING AIR CONDITIONING, LLC'S ANSWER TO THIRD-PARTY COMPLAINT** |

COMES NOW Third-Party Defendant Service Experts Heating & Air Conditioning, LLC ("Service Experts"), by and through their undersigned counsel of record, Kevin J. Scanlan of the firm Scanlan Griffiths + Aldridge, and hereby submits this Answer to Petra Inc.'s ("Petra" or "Third-Party Plaintiff") Third-Party Complaint ("Third-Party Complaint").

## FIRST DEFENSE

Petra's Third-Party Complaint, and each and every allegation therein, fails to state a claim against Service Experts upon which relief can be granted and as such should be dismissed.

## SECOND DEFENSE

Each allegation of Petra's Third-Party Complaint is denied, based upon either a lack of knowledge or information or a belief that the allegation is untrue, unless expressly and specifically admitted herein.

In response to the allegations of Petra's Third-Party Complaint, Service Experts admits only as follows:

## GENERAL ALLEGATIONS

1. In response to Paragraph 1 of the Third-Party Complaint, Service Experts lacks sufficient information to admit or deny this Paragraph and therefore denies the same.

2. In response to Paragraph 2 of the Third-Party Complaint, Service Experts lacks sufficient information to admit or deny this Paragraph and therefore denies the same.

3. In response to Paragraph 3 of the Third-Party Complaint, Service Experts lacks sufficient information to admit or deny this Paragraph and therefore denies the same.

4. In response to Paragraph 4 of the Third-Party Complaint, Service Experts admits it is a Delaware limited liability corporation with a principal place of business located at 3400 N. Central Expressway, Suite 410, Richardson, TX 75080.

5. In response to Paragraph 5 of the Third-Party Complaint, Service Experts lacks sufficient information to admit or deny this Paragraph and therefore denies the same.

6. In response to Paragraph 6 of the Third-Party Complaint, Service Experts lacks sufficient information to admit or deny this Paragraph and therefore denies the same.

7. In response to Paragraph 7 of the Third-Party Complaint, Service Experts lacks sufficient information to admit or deny this Paragraph and therefore denies the same.

8. Paragraph 8 of the Third-Party Complaint states a legal conclusion to which no response is required. To the extent a response is required, Service Expert lacks sufficient information to admit or deny this Paragraph and therefore denies the same.

9. Service Expert admits Paragraph 9 of the Third-Party Complaint.

**GENERAL ALLEGATIONS**

10. In response to Paragraph 10 of the Third-Party Complaint, the Paragraph references a document that speaks for itself. Service Expert denies any inference or allegation that differs from the document.

11. In response to Paragraph 11 of the Third-Party Complaint, Service Experts lacks sufficient information to admit or deny this Paragraph and therefore denies the same.

12. In response to Paragraph 12 of the Third-Party Complaint, Service Expert admits only that it entered into a contractual agreement with Petra with respect to work to be completed at the Project (the "Subcontract"). With respect to any allegations relating to the Subcontract, the document speaks for itself. Service Expert denies any inference or allegation that differs from the document. Service Experts lacks sufficient information as to the contractual agreements which Petra entered into with other subcontractors and suppliers to admit or deny the allegations related to them, and therefore denies the remainder of the Paragraph.

13. In response to Paragraph 13 of the Third-Party Complaint, Service Experts admits that Meridian has asserted certain counterclaims against Petra, as cited by Petra in this Paragraph.

However, Service Experts denies any inference that it is liable on any of the counterclaims which Meridian made against Petra and therefore denies the remainder to this Paragraph to the extent that it may allege or infer the above.

14. In response to Paragraph 14 of the Third-Party Complaint, Service Expert admits that Meridian has asserted certain counterclaims against Petra, as cited by Petra in this Paragraph. However, Service Experts denies any inference that it is liable on any of the counterclaims which Meridian made against Petra and therefore denies the remainder to this Paragraph to the extent that it may allege or infer the above.

15. In response to Paragraph 15 of the Third-Party Complaint, Service Experts admits that the Third-Party Complaint appears to refer collectively to all alleged defects referenced prior to Paragraph 15 of the Third-Party Complaint as “Alleged Defects.”

16. In response to Paragraph 16 of the Third-Party Complaint, Petra’s denials speak for themselves, and Services Expert admits that Petra has made the denials stated in this Paragraph. However, as Service Expert currently lacks sufficient information as to the veracity of either Meridian’s allegations, or to Petra’s denials, Service Experts therefore denies the remainder of this Paragraph.

17. In response to Paragraph 17 of the Third-Party Complaint, Service Experts lacks sufficient information as to the veracity of Meridian’s allegations, Petra’s denials, or as to the liability of other third-parties to this action regarding work performed by those parties, and therefore, denies this Paragraph.

## FIRST CLAIM FOR RELIEF – BREACH OF CONTRACT

18. In response to Paragraph 18 of the Third-Party Complaint, Service Experts re-alleges all previous admissions and denials as set forth above and incorporates them herein.

19. In response to Paragraph 19 of the Third-Party Complaint, Service Expert admits only that it entered into a contractual agreement with Petra with respect to work to be completed at the Project (the "Subcontract"). With respect to any allegations relating to the Subcontract, the document speaks for itself. Service Experts denies any inference or allegation that differs from the document. Service Experts lacks sufficient information as to the contractual agreements which Petra entered into with other subcontractors and suppliers to admit or deny the allegations related to them, and therefore denies the remainder of the Paragraph.

20. In response to Paragraph 20 of the Third-Party Complaint, Service Experts lacks sufficient information to admit or deny this Paragraph and therefore denies the same.

21. In response to Paragraph 21 of the Third-Party Complaint, the Paragraph references a document that speaks for itself. Service Expert denies any inference or allegation that differs from the document.

22. In response to Paragraph 22 of the Third-Party Complaint, Service Experts denies the allegations contained herein.

23. In response to Paragraph 23 of the Third-Party Complaint, Service Experts denies the allegations contained herein.

**SECOND CLAIM FOR RELIEF – BREACH OF CONTRACT – FAILURE TO DEFENDANT, INDEMNIFY & HOLD HARMLESS**

24. In response to Paragraph 24 of the Third-Party Complaint, Service Experts re-alleges all previous admissions and denials as set forth above and incorporates them herein.

25. In response to Paragraph 25 of the Third-Party Complaint, Service Expert admits only that it entered into a contractual agreement with Petra with respect to work to be completed at the Project (the "Subcontract"). With respect to any allegations relating to the Subcontract, the document speaks for itself. Service Experts denies any inference or allegation that differs from the document. Service Experts lacks sufficient information as to the contractual agreements which

Petra entered into with other subcontractors and suppliers to admit or deny the allegations related to them, and therefore denies the remainder of the Paragraph.

26. In response to Paragraph 26 of the Third-Party Complaint, Service Experts lacks sufficient information to admit or deny this Paragraph and therefore denies the same.

27. In response to Paragraph 27 of the Third-Party Complaint, the Paragraph references a document that speaks for itself. Service Expert denies any inference or allegation that differs from the document. Service Experts lacks sufficient information as to the contractual agreements which Petra entered into with other subcontractors and suppliers to admit or deny the allegations related to them, and therefore denies the remainder of the Paragraph.

28. In response to Paragraph 28 of the Third-Party Complaint, Service Experts admits that it received a notice from Petra. The document speaks for itself. Service Experts denies any inference or allegation that differs from the document. Service Experts lacks sufficient information as to the contractual agreements which Petra entered into with other subcontractors and suppliers to admit or deny the allegations related to them, and therefore denies the remainder of the Paragraph.

29. In response to Paragraph 29 of the Third-Party Complaint, Service Experts denies the allegations directed towards Service Experts contained therein. Service Experts lacks sufficient information as to the allegations directed to the other subcontracts to admit or deny the allegations related to them, and therefore, denies the remainder of the Paragraph.

30. In response to Paragraph 30 of the Third-Party Complaint, Service Experts denies the allegations directed towards Service Experts contained therein. Service Experts lacks sufficient information as to the allegations directed to the other subcontracts to admit or deny the allegations related to them, and therefore, denies the remainder of the Paragraph.

31. In response to Paragraph 31 of the Third-Party Complaint, Service Experts denies the allegations directed towards Service Experts contained therein. Service Experts lacks sufficient information as to the allegations directed to the other subcontracts to admit or deny the allegations related to them, and therefore, denies the remainder of the Paragraph.

## PRAYER FOR RELIEF

With respect to Petra's Prayer for Relief, Service Experts denies that Petra is entitled to any relief whatsoever from Service Experts, including costs and attorneys' fees. Service Experts lacks sufficient information as to the Prayer for Relief directed to the other subcontracts to admit or deny the allegations related to them, and therefore, denies the remainder of Petra's Prayer for Relief.

## THIRD DEFENSE

Petra's claims fail because Service Experts satisfied the terms and conditions of the contract between Service Experts and Petra.

## FOURTH DEFENSE

Petra's claims are barred because Petra's has failed to take reasonable steps to mitigate its alleged damages.

## FIFTH DEFENSE

Petra's claims are barred by the doctrines of unclean hands, waiver, estoppel, and/or laches.

## SIXTH DEFENSE

Petra's alleged damages, if any, may have been caused, either in whole or in part, by superseding and/or intervening conduct of Petra's or other entities or individuals for which Service Experts is not responsible.

**SEVENTH DEFENSE**

Petra's alleged damages, if any, may have been caused, either in whole or in part, by the acts or omissions of third parties other than Service Experts, including Petra.

**EIGHTH DEFENSE**

Petra's alleged breach of contract, if any, was the direct and proximate result of Petra's frustration of the purpose of the contract and/or failure to perform.

**NINTH DEFENSE**

Petra's recovery, if any, is limited by Idaho Code § 6-1606, prohibiting the double recovery from collateral sources.

**TENTH DEFENSE**

Petra's damages, if any, were not proximately caused by the conduct of Service Experts, and/or were otherwise caused by the negligence, fault, or wrongful conduct of others, including Petra.

**ELEVENTH DEFENSE**

Petra's damages are limited, in whole or in part, by the terms and conditions of the contract at issue in this action.

**TWELFTH DEFENSE**

Any alleged damages owing to Petra's, if any, are subject to offset due to Petra's breach of the contract at issue in this action.

**THIRTEENTH DEFENSE**

Petra's claims are barred, in whole or in part, by the parol evidence rule, the doctrine of integrated contracts, and/or the statute of frauds.

**FOURTEENTH DEFENSE**

Petra's claim for noneconomic and/or punitive damages, if any, is limited by Idaho Code

§§ 6-1603 and 6-1604.

## FIFTEENTH DEFENSE

Petra's claims against Service Experts are barred or limited by the application of title 6, chapter 25 of the Idaho Code with respect to requirements to provide notice and opportunity to repair.

## RESERVATION OF DEFENSES

Service Expert, by virtue of pleading a defense above, does not admit that aforementioned defenses are affirmative defenses within the meaning of applicable law, and Service Expert does not thereby assume a burden of proof or production not otherwise imposed upon them as a matter of law. In addition, in asserting any of the above defenses, Service Experts does not admit any fault, responsibility, liability or damage but, to the contrary, expressly denies the same. Discovery has yet to commence, the results of which may disclose the existence of facts supporting further and additional defenses. Service Experts, therefore, reserves the right to seek leave of this Court to amend this Answer as may be deemed appropriate.

## REQUEST FOR ATTORNEY'S FEES

Service Experts have been required to retain the services of Scanlan Griffiths + Aldridge and is entitled to recover its reasonable attorneys' fees and costs incurred in the defense of this matter pursuant applicable law, including, but not limited to I.C. §§ 12-120, 12-121 and 12-123 and Idaho Rule of Civil Procedure 54.

## DEMAND FOR JURY TRIAL

Pursuant to Idaho Rule of Civil Procedure 38(b), Service Experts hereby demands a trial by jury of not less than twelve (12) persons on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Service Experts prays for judgment as follows:

1. That Petra take nothing against Service Experts by way of the Third-Party Complaint and that the same Third-Party Complaint be dismissed with prejudice.

2. That Service Experts be awarded its costs and reasonable attorney's fees incurred in the defense of this action.

3. For such other and further relief as this Court may deem just and proper.

DATED October 15, 2025. SCANLAN GRIFFITHS + ALDRIDGE

By /s/ Kevin J. Scanlan
Kevin J. Scanlan

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 15, 2025 I filed the foregoing electronically through the CM/ECF system, which caused the parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic filing:

| | |
|---|---|
| John P. Storti<br>Berg Hill Greenleaf Ruscitti LLP<br>1712 Pearl Street<br>Boulder, CO 80302<br>*Attorney for Plaintiff, Counter Defendant, and Third-Party Plaintiff Petra, Inc.* | ☐ U.S. Mail, Postage Prepaid<br>☒ ECF/Email<br>jps@bhgrlaw.com |
| Thomas John Lloyd, III<br>Miller Nash LLP<br>950 Bannock St, Ste 1100<br>Boise, ID 83702<br>*Attorney for Defendants Meridian Hotel Holdings, LLC and Harco National Insurance Company and Counter Claimant Meridian Hotel Holdings, LLC* | ☐ U.S. Mail, Postage Prepaid<br>☒ ECF/Email<br>Thomas.lloyd@millernash.com |
| Robert R. Gates<br>Garrett Richardson, PLLC Idaho<br>738 S Bridgeway Place<br>Ste. 100<br>Eagle, ID 83616<br>*Attorneys for Third-Party Defendant Viewpoint, Inc.* | ☐ U.S. Mail, Postage Prepaid<br>☒ ECF/Email<br>robert@garrettricharson.com |
| Tully Patrick FitzMaurice<br>Clements, Brown, & McNichols, P.A. 321 13th Street<br>Lewiston, ID 83501<br>*Attorney for Third-Party Defendant Matson Enterprises, LLC* | ☐ U.S. Mail, Postage Prepaid<br>☒ ECF/Email<br>tfitzmaurice@clbrmc.com |
| Eriika Parsons Judd<br>Trout Jones Gledhill Fuhrman<br>Gourley PA<br>225 N. 9th Street, Suite 820<br>Boise, ID 83701<br>*Attorney for Third Party Defendant Brickline Masonry Company, LLC* | ☐ U.S. Mail, Postage Prepaid<br>☒ ECF/Email<br>ejudd@idalaw.com |

/s/ Kevin J. Scanlan
Kevin J. Scanlan