UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PETRA, INC., an Idaho corporation, | Case No. 1:25-cv-00068-BLW |
| Plaintiff/Counter-Defendant, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| MERIDIAN HOTEL HOLDINGS, a Washington limited liability company, HARCO NATIONAL INSURANCE COMPANY, Surety, | |
| Defendants/Counterclaimant. | |
| PETRA, INC., an Idaho corporation, | |
| Third-Party Plaintiff, | |
| v. | |
| BEI CONSTRUCTION, LLC, an Indiana limited liability company, BEI FRAMING, LLC, a Michigan limited liability company, SERVICE EXPERTS HEATING & AIR CONDITION, LLC, a Delaware limited liability company, VIEW POINT, INC., BRICKLINE MASONRY COMPANY, LLC, an Idaho limited liability company; MATSON ENTERPRISES, LLC, an Idaho limited liability company, | |
| Third-Party Defendants. | |

**MEMORANDUM DECISION AND ORDER - 1**

## INTRODUCTION

Before the Court is a Motion to Dismiss brought by Third-Party Defendant BEI Construction, LLC and joined by Third-Party Defendant BEI Framing, LLC. Dkts. 31, 45. Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary. For the reasons stated below, the Court grants the motion.

## BACKGROUND

### A.    Factual Background

On or about March 11, 2021 Petra, Inc. contracted with Meridian Hotel Holdings, LLC ("Meridian") to act as the general contractor for the construction of a WoodSpring Suites Hotel located at 1262 S. Rackham Way, Meridian, Idaho 83642. Dkt. 19 at ¶¶ 10, 11. Petra then entered into agreements with subcontractors, including BEI Construction and its successor in interest, BEI Framing. *Id*. at ¶ 12.

BEI Construction ("BEI") was to "install and provide labor, equipment, and materials for rough carpentry on the Project, including installation of windows and window frames, installation of truss systems, wall/roof sheathing, and other related

and necessary tasks." Dkt. 1-2 at ¶ 11, 1:24-cv-00097-DCN.[1] BEI informed Petra that its work was substantially complete on June 30, 2022. *Id*. at ¶ 22. Petra also achieved substantial completion of its work by June 30, 2022, and Meridian took possession and began to operate the hotel on or around that date. *Id*. at ¶ 23.

Approximately six months later, on December 28, 2022, Meridian sent Petra a Notice of Claim. *Id*. at ¶ 24. Meridian claimed that it had discovered construction defects and provided an inspection report detailing those alleged defects. *Id*. at ¶ 25. Meridian provided a supplemental report in January 2023. *Id*. at ¶ 26. That supplemental report alleged "construction defects and deficiencies relating to incorrectly dimensioned rough window openings, and incorrect methods or reducing rough openings that were installed by BEI under the Subcontract." *Id*. at ¶ 28. Petra provided those reports to BEI and requested an evaluation and response from BEI. *Id*. at ¶ 29. Petra received none. *Id*. at ¶ 30. Meridian commissioned another investigation and report, which it provided to Petra on March 14, 2023. *Id*.

---

[1] Petra cites to its initial Complaint filed in *Petra, Inc. v. BEI Construction, LLC et al.*, CV01-23-17688, Fourth Judicial District of Idaho. That case was removed to federal court and assigned the case number 1:24-cv-00097-DCN.  "Documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss. Such consideration does not convert the motion to dismiss into a motion for summary judgment." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) (internal quotation omitted) *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

**MEMORANDUM DECISION AND ORDER - 3**

at ¶ 31. Petra duly passed that report along to BEI and again asked for an evaluation and response. *Id*. at ¶¶ 32-33. Again, BEI provided none. *Id*. at ¶ 33.

On May 8, 2023, Petra sent a Notice of Claim to BEI, asserting that BEI may be liable for damages caused to Petra and demanding the BEI acknowledge its contractual obligations to indemnify, defend, and hold harmless. *Id*. at ¶¶ 34-36. After receiving no response, on August 17, 2023, Petra sent a BEI a demand letter. *Id*. at ¶ 41. BEI did not respond to the demand letter. *Id*. at ¶ 44.

## B.     Procedural Background

In December of 2023, Petra filed suit in state court against BEI and its insurers, alleging that BEI breached its subcontract agreement, committed negligence, and had a duty to defend, indemnify, and hold harmless Perta. Dkt. 1-2, 1:24-cv-00097-DCN. Petra also sought a declaratory judgment that BEI's insurers were obligated to defend, indemnify, and hold Petra harmless. *Id*. That action ("*Petra I*") was removed to federal court in February 2024. Dkt. 1, 1:24-cv-00097-DCN.[2] On March 25, 2024, Petra filed its Second Amended Complaint for

---

[2] The Court takes judicial notice of the entire docket in *Petra, Inc. v. BEI Construction et al.*, 1:24-cv-00097-DCN. "A court make take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment." *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (internal quotation omitted) *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

Damages. Dkt. 9, 1:24-cv-00097-DCN. Petra added BEI Framing as a defendant, and brought claims for breach of contract, negligence, and defense and indemnity against the BEI defendants. *Id*.

On February 6, 2025, Petra initiated this action ("*Petra II*") by filing suit against Meridian and its insurer. Dkt. 1. Meridian answered on May 19, 2025, and counterclaimed, alleging that Petra breached the parties' contract by performing the construction work in a defective manner and failing or refusing to correct the defective work in a timely manner. Dkt. 12 at 11-12. Meridian further claimed that Petra's deficient construction work breached express and implied warranties. *Id*. at 12-14. As a result, Meridian alleged, Meridian had paid for consultation, identification, correction, and remediation of defective work, as well as the remediation of damages caused by water intrusion. *Id*. at 13.

On June 23, 2025, Petra answered Meridian's counterclaims. Dkt. 19. Petra also named six subcontractors as third party defendants, including the BEI defendants. *Id*. Petra alleged the subcontractors breached their contract with Petra by "providing faulty, inadequate, defective or otherwise insufficient work, supplies, or materials" and by failing to comply with their duty to defend, indemnify, and hold Petra harmless. *Id*. at 9-10.

BEI, joined by BEI Framing, now moves to dismiss Petra's Third-Party

**MEMORANDUM DECISION AND ORDER - 5**

Complaint.

## LEGAL STANDARD

Dismissal under Federal Rule of Civil Procedure 12(b)(6) is appropriate where a complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "A Rule 12(b)(6) dismissal may be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (internal citations omitted).

In order to survive a motion to dismiss under Rule 12(b), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a plaintiff must allege facts to state a claim that is, on its face, more than merely conceivable, a plaintiff is not required to demonstrate a probability of success. *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 679. A claim is facially plausible when the pleaded facts allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Iqbal*, 556 U.S. 663. However, the Court is not required to accept as true allegations that are "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Id*.

MEMORANDUM DECISION AND ORDER - 6

"The assertion of an affirmative defense may be considered properly on a motion to dismiss where the allegations in the complaint suffice to establish the defense." *Sams v. Yahoo! Inc.*, 713 F.3d 1175, 1179 (9th Cir. 2013). Res judicata is an affirmative defense to a complaint. Fed. R. of Civ. P. 8(c). Res judicata is comprised of two doctrines, issue preclusion and claim preclusion. *Brownback v. King*, 592 U.S. 209, 215 n.3 (2021).

"Claim preclusion is a broad doctrine that bars bringing claims that were previously litigated as well as some claims that were never before adjudicated." *Clements v. Airport Auth. of Washoe Cnty.*, 69 F.3d 321, 327 (9th Cir. 1995). Claim preclusion bars a second action where the same parties, or their privies, were involved in the prior litigation, the prior litigation involved the same claim or cause of action, and the prior litigation was terminated by a final judgment on the merits. *Adobe Sys. Inc. v. Wowza Media Sys., LLC*, 72 F.Supp.3d 989, 994 (N.D. Cal. 2014) (citation omitted). The claim-splitting doctrine is a "sub-species" of claim preclusion. *Id*. at 993-94; *see also Single Chip Sys. Corp. v. Intermec IP Corp.*, 495 F.Supp.2d 1052, 1058 (S.D. Cal. 2007). "The doctrine of claim splitting bars a party from subsequent litigation where the same controversy exists." *Single Chip Sys. Corp.*, 495 F.Supp.2d at 1058.

## ANALYSIS

MEMORANDUM DECISION AND ORDER - 7

### A.    Federal Rules of Civil Procedure 15(a) and 16(b)

BEI first argues that Petra is attempting to circumvent the scheduling order entered in *Petra I* by filing *Petra II*, rather than attempting to satisfy the good cause requirement of Rule 16(b) to amend its complaint in *Petra I*. BEI further argues that Petra would be unable to satisfy Rule 16(b) due to a lack of diligence. BEI also argues that, even if the Court were to alternately apply the more liberal standard of Rule 15(a), Petra should be barred from amending its Third-Party Complaint to bring claims against BEI.

Rule 15(a) allows a party to amend its pleading once as a matter of course within a certain timeframe, or, outside of that timeframe, either with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a). "The court should freely give leave when justice so requires." *Id*. "This policy is to be applied with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Leave should be granted in the absence of reasons "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Upon the entry of a scheduling order, amendments to pleadings fall under

MEMORANDUM DECISION AND ORDER - 8

the ambit of Rule 16(b). *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). Rule 16(b)(4) permits a scheduling order issued by the court to be "modified only for good cause and with the judge's consent." Under this rule, a plaintiff must show good cause for not amending his complaint within the time allotted by the scheduling order. *Coleman*, 232 F.3d at 1294 (*citing Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608-09 (9th Cir. 1992)). "This standard primarily considers the diligence of the party seeking the amendment." *Id*. (internal quotation omitted).

The court entered a scheduling order in *Petra I* on June 28, 2024 that set a deadline of September 27, 2024 for amendments to pleadings and joinder of parties. *Petra I* Dkt. 28. Petra has never amended as a matter of course, nor sought leave to amend, since the entry of that order.

However, as Perta points out, that scheduling order was entered in *Petra I*. No scheduling order has been entered in *Petra II*. Additionally, in *Petra II*, Petra has never amended its Complaint. Rather, it filed a Third-Party Complaint against some of its subcontractors. BEI has not presented any authority that a scheduling order in one case can control in another. The Court will not dismiss Petra's claims against the BEI defendants based upon the scheduling order in *Petra I*.

### B.   Claim-Splitting

MEMORANDUM DECISION AND ORDER - 9

BEI also argues that Petra is engaging in claim splitting, a practice barred in the Ninth Circuit.

"A main purpose behind the rule preventing claim splitting is 'to protect the defendant from being harassed by repetitive actions based on the same claim.'" *Clements*, 69 F.3d at 328 (quoting Restatement (Second) Judgements § 26 cmt. a (1982)). "Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Adams v. California Dept. of Health Services*, 487 F.3d 684, 688 (9th Cir. 2007) (internal quotation omitted), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880 (2008). The Ninth Circuit borrows from the test for claim preclusion to determine if improper claim-splitting is present. *Id*. at 689. The Court first examines "whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." *Id*.

### 1.  Same Causes of Action and Relief Sought

To determine whether successive causes of action are the same, the Court applies the transaction test, developed in the context of claim preclusion. *Id*. This test examines four criteria:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the same action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4)

**MEMORANDUM DECISION AND ORDER - 10**

whether the two suits arise out of the same transactional nucleus of facts.

*Id*. (quoting *Costantini v, Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982)). The last criterion is the most important. *Id*. Applying the test to *Petra I* and *II*, it is apparent that the causes of action in each case are the same.

### a.  Same Transactional Nucleus of Facts

The Court will begin with the fourth, and most important, criterion. *Petra I* and *Petra II* clearly arise from the same transactional nucleus of facts. The complaints in both *Petra I* and *II* recite the same factual allegations, with some variation in detail.

Both suits stem from the contracts between Petra and Meridian, and between Petra and its subcontractors, to construct a hotel. Both complaints assert that BEI had a contractual obligation to indemnify, defend, and hold Petra harmless. Meridian discovered alleged construction defects and had inspections conducted. The reports stemming from those inspections identified issues with rough openings installed by BEI. Petra attempted to enforce the contractual obligations owed to it by BEI. As a result of BEI opting not to acknowledge any duties and obligations that it may owe, Petra sued the BEI defendants directly in *Petra I* and then brought them into *Petra II* as third-party defendants.

### b.  Rights or Interests Established in the Prior Judgment

**MEMORANDUM DECISION AND ORDER - 11**

The doctrine of claim splitting does not require a final judgment on the merits; rather, the Court "is to assume that the first suit was final, and then determine if the second suit could be precluded." *Single Chip Sys. Corp.*, 495 F.Supp.2d at 1059 (quoting *Hartsel Springs Ranch of Colorado, Inc. v. Bluegreen*, 296 F.3d 982, 987 n.1 (10th Cir. 2002).

In *Petra I*, Petra brings a claim for breach of contract and a claim for failure to comply with their obligation to defend and indemnify against the BEI defendants.[3] In *Petra II*, Petra alleges breach of contract and failure to defend, indemnify, and hold harmless. Petra argues that there is a distinction between these claims: *Petra I* concerns pre-suit obligations, while *Petra II* concerns post-suit obligations.

In *Petra I*, its breach of contract claim alleges that BEI breached by "failing to perform its work in a skillful and workmanlike manner, by breaching its express warranties under the Subcontract, and by failing to indemnify, defend, and hold Petra harmless against any damages incurred as a result of BEI's defective work." The analogous *Petra II* claim is that the BEI defendants breached the contract with

---

[3] Petra also asserted a claim for negligence, which was summarily dismissed. Dkt. 51, 1:24-cv-00097-DCN. Petra did not bring a negligence claim against any Third-Party Defendant in *Petra II*.

**MEMORANDUM DECISION AND ORDER - 12**

Petra "by providing faulty, inadequate, defective or otherwise insufficient work,

supplies, or materials for the Project and are, therefore, responsible for the Alleged

Defects.

The claim for defense and indemnification in *Petra I* alleges that:

66.    Under the Subcontract, Defendants owed and continue to owe Petra duties to defend, indemnify, and hold Petra harmless.

67.    Through its numerous notices of claims, both formal and informal, Petra demanded that Defendants defend, indemnify, and hold Petra harmless.

68.    Despite the fact that Owner's claims against Petra arise from, relate to, result from, and/or are in connection with work performed by BEI under the Subcontracts, defendants have failed to comply with their respective defense, indemnity, and hold harmless obligations.

. . .

70.    Defendants are responsible to pay for any costs, expenses, and damages Petra may incur because of Owner's claims against Petra under the defense and indemnity obligations in the Subcontract, including for Petra's own costs, fees (including attorneys' fees), expenses, interest, or other damages.

Dkt. 9 at 10-11, 1:24-cv-00097-DCN. *Petra II*'s defense and indemnification claim asserts:

27. In each of their respective subcontracts with Petra for the Project, the Subcontractors each agreed to defend, indemnify, and hold Petra harmless from any claims or disputes identified by Meridian that concerns their respective work under the agreement.

28. Petra has sent notices to the Subcontractors demanding they defend, indemnify, and hold Petra harmless from and against the Alleged

**MEMORANDUM DECISION AND ORDER - 13**

Defects pursuant to their obligations under their respective subcontracts.

29. To date, none of the Subcontractors have complied with their respective obligations to defend, indemnify, and hold Petra harmless for the Alleged Defects identified by Meridian.

30. As a result, each Subcontractor has respectively breached their contractual obligations to Petra and Petra is entitled to recover any and all damages arising from the same, including but not limited to reasonable attorney's fees and costs to defend against the Alleged Defects.

Dkt. 19 at 10.

A final judgment in *Petra I* would preclude the claims in *Petra II*. The breach of contract claims in both suits allege that the BEI defendants breached the contract by performing deficient work on the project. The claims for failure to defend and indemnify do not evince any pre- or post-suit differentiation. As discussed above, these two suits share identical factual bases.

### c. *Substantially the Same Evidence and Infringement of the Same Right*

Although not addressed by the parties, there is nothing in either complaint that intimates that the evidence in *Petra I* and *Petra II* would differ. The same alleged construction defects undergird each suit. The complaints reference the same set of inspections and reports Meridian commissioned. The same sets of contracts govern the relationships between the BEI defendants and Petra in both

**MEMORANDUM DECISION AND ORDER - 14**

cases. For the same reasons, these suits concern the same alleged breaches of contract by the BEI defendants.

### 2. Same Parties or Privities to the Action

In *Petra I*, Petra initially sued BEI, and then added BEI Framing as a defendant in March 2024. In *Petra II*, Petra brought a third-party action against six subcontractors, including BEI and BEI Framing, in June 2025.

In 2022, BEI sold its assets to BEI Framing. Petra consented to the assignment of the contract between it and BEI to BEI Framing. Petra alleges that BEI assigned all rights and interests in the contract to BEI Framing, and BEI Framing assumed all of the obligations and liabilities under that subcontract. Petra has not made any argument that the BEI defendants are not the same parties in both *Petra I* and *II*.

The same parties are involved as plaintiff and defendants in *Petra I*, and as third-party plaintiff and third-party defendants in *Petra II*.

### 3. Conclusion

In *Petra II*, the same causes of action are asserted, the same relief is sought, and the BEI defendants are defending against claims asserted by Petra in *Petra I*. Thus, Petra has engaged in improper claim splitting, and its claims against the BEI defendants in *Petra II* will be dismissed with prejudice.

**MEMORANDUM DECISION AND ORDER - 15**

### C.    Consolidation

In light of the partial granting of summary judgment in *Petra I*, the parties were ordered to provide supplemental briefing on the impact that decision had on *Petra II*,[4] as well as their position on consolidation of *Petra II* with *I*. Dkt. 53.

Third-Party Defendant View Point, Inc. and Petra are in favor of consolidation. Dkts. 56, 57. Third-Party Defendant Matson Enterprises does not object to consolidation. Dkt. 54. Third-Party Defendants BEI Construction and BEI Framing oppose consolidation. Dkts. 55, 58. Defendant Meridian and Third-Party Defendants Service Experts Heading & Air Condition, LLC and Brickline Masonry Company, LLC did not file a brief.

Rule 42(a) authorizes a district court to consolidate cases that "involve a common question of law or fact." Fed. R. Civ. P. 42(a). The Court has broad discretion in ordering consolidation of cases pending in the same district. *Investors Research Co v. U.S. Dist. Court for Cent. Dist. Of California*, 877 F.2d 777 (9th Cir. 1989). In deciding whether or not to consolidate, the court "weighs the saving of time and effort consolidation would produce against any inconvenience, delay,

---

[4] BEI and BEI Framing are in agreement that the dismissal of Petra's negligence claim had no impact on *Petra II*, as Petra had not brought a claim for negligence here. The *Petra I* court also ruled that BEI had a duty to defend Petra. Dkt. 51 at 14, 1:24-cv-00097-DCN. Petra argues that the ruling directly impacts BEI's obligations to Petra in *Petra II*.

or expense that it would cause." *Huene v. U.S.*, 743 F.2d 703, 704 (9th Cir. 1984).

As Petra points out, its claims, in particular those against its subcontractors stemming from the contractual obligation to defend, indemnify, and hold Petra harmless, are well-suited for adjudication in one action. However, the Court will not consolidate *Petra II* with *Petra I*, as consolidation would cause significant inconvenience and delay. Discovery deadlines in *Petra I* were set for April 30, 2025—over a year ago. *Petra II*, by contrast, does not yet have a scheduling order in place. If the Court were to consolidate the case, *Petra I* would have to revert to the discovery phase, when that case is ready for a trial setting. This could potentially be prejudicial to the BEI defendants, as it could give Petra a second chance at discovery.

Additionally, the Court is not persuaded that consolidation would save significant time or effort. Given that both suits arise from the same construction project, and Petra has already been through discovery in *Petra I*, it is unlikely that discovery in *Petra II* will require substantially more time and effort than that Petra will expend, regardless of consolidation. The Court also will not give much weight to the cost Petra may incur from two trials, given that Petra initiated these two separate actions and had not moved to consolidate prior to the Court ordering supplemental briefing.

MEMORANDUM DECISION AND ORDER - 17

Accordingly, *Petra II* will remain separate.

## ORDER

**IT IS ORDERED that:**

1.      Defendant BEI Construction, LLC's Motion to Dismiss, joined by Defendant BEI Framing, LLC, (Dkts. 31, 45) is **GRANTED**.

2,      Plaintiff Petra, Inc.'s claims against Defendants BEI Construction, LLC and BEI Framing, LLC are **DISMISSED WITH PREJUDICE**.

3.      *Petra, Inc. v. Meridian Hotel Holdings, LLC et al.* 1:25-cv-00068-BLW and *Petra, Inc v. BEI Construction, LLC et al.* 1:24-cv-00097-DCN will remain unconsolidated.

DATED: June 30, 2026

B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 18**